Argued 1 December, decided 14 December, 1903.

**WARD v. WARREN.**

[74 Pac. 482.]

VENDOR AND PURCHASER—RECOVERY OF PRICE AFTER RESCISSION.

1. A rescission of a contract of sale by the vendor is equivalent to a failure of consideration for the unpaid purchase liability, and thereafter the vendor cannot

further enforce his contract. He is then by his own act estopped from claiming the unpaid installments of the purchase price, whether not due or overdue.

CONCLUSIVENESS OF JUDGMENTS—RES JUDICATA.

2. Judgments are conclusive as to all defenses arising prior to their rendition, but not as to defenses not then existing. This is an illustration: The vendor recovered a judgment at law for some of the deferred payments due on an executory contract for the sale of certain land, and thereafter obtained a decree in another court rescinding the sale for nonperformance by the purchaser, under which he took possession of the land and resold it. In a subsequent action on the judgment the reentry and resale may be pleaded as a bar, since they amount to a relinquishment of all claim to the unpaid part of the purchase money, and. therefore constitute a defense arising after the entry of the judgment.

From Douglas: JAMES W. HAMILTON, Judge.

This is a proceeding in the nature of a cross-bill, filed in an action which Annie G. Warren brought against Jas. H. Ward and others on a judgment she had recovered against them in the State of Minnesota. In her complaint she alleges that on July 19, 1892, the plaintiffs (defendants in the law action) executed and delivered to her, in the State of Minnesota, two joint and several promissory notes for $500 each, one due November 1, 1893, and the other July 19, 1894; that in an action brought thereon a judgment was duly rendered and given in her favor and against them, on March 18, 1899, for $1,484.68, no part of which has been paid. The cross-bill admits all the allegations of the complaint, but as a defense alleges that the consideration of the notes upon which the judgment is based was an executory agreement of even date therewith for the sale by the defendant, and the purchase by the plaintiffs, of certain land in Minnesota; that by the terms of such contract the plaintiffs were to pay $1,000 in cash and $2,000 in four equal annual installments of $500 each, with 7 per cent interest, upon the full payment of which the defendant was to convey to them the property in fee simple and clear of all incumbrances; but in case of the failure of the plaintiffs to make either of the payments as agreed upon, the whole should become due and payable, and the contract should, at the option of the defendant, be forfeited and determined, and she should have the right

to reënter and take possession of the property, retaining all prior payments and improvements made thereon by the plaintiffs in full satisfaction of all damages sustained by her; that the judgment upon which the action is brought was based upon the two deferred installments first becoming due; that after the rendition of such judgment the defendant brought an action or suit in the proper court in the State of Minnesota to rescind the contract for the sale of the land, because of the plaintiff's default in making the payments as agreed upon, and a judgment was duly rendered therein in her favor, canceling and annuling such contract, and restoring her to the possession of the property, by virtue of which she immediately entered into possession and subsequently sold it to another. A demurrer to the cross-bill because it did not state facts sufficient to constitute a defense to the action was sustained, and judgment rendered against the plaintiffs, who appeal.

REVERSED.

For appellants there was a brief and an oral argument by *Mr. Andrew M. Crawford.*

For respondent there was a brief and an oral argument by *Mr. J. C. Fullerton.*

MR. JUSTICE BEAN, after stating the facts in the foregoing terms, delivered the opinion of the court.

1. From the allegations of the cross-bill it appears that the judgment upon which the defendant is now seeking to recover in this State was founded on two promissory notes given by plaintiffs to her for deferred payments on an executory contract for the sale and purchase of land, and that after the rendition of the judgment the defendant exercised the option given her by the contract of rescinding and canceling the same, and reëntered into possession of the property, which she subsequently sold to another. It requires no argument to show that it would be mani-

festly unjust that she should thus rescind the contract, recover possession of and title to the property which she agreed to convey to plaintiffs, and also recover a part of the unpaid purchase money. Such a result forms no part of an ordinary contract, and is opposed to well-established rules of law. The obligation of a vendee to pay the purchase price under an executory contract for the sale of real estate is ordinarily dependent upon performance by the vendor, and the latter's failure to comply with the contract and to make the required conveyance is a good defense to an action on a promissory note given therefor: *Sayre* v. *Mohney*, 30 Or. 238 (47 Pac. 197); *Sayre* v. *Mohney*, 35 Or. 141 (56 Pac. 526). The respective obligations of the parties to such a contract are mutual and dependent, and neither can require performance by the other until he himself has performed or offers to perform. Where such a contract is rescinded, the law contemplates the restoration of the parties, as far as possible, to the position they respectively occupied before entering into the agreement: *Frink* v. *Thomas*, 20 Or. 265 (25 Pac. 717, 12 L. R. A. 239). The rescission also operates as a failure of consideration for the unpaid purchase money, and the vendor, in exercising his right to cancel and rescind the contract, relinquishes his right thereto : 2 Warville, Vendors (2 ed.), § 916.

2. Neither is the fact that the deferred payments are evidenced by a judgment of any consequence. A judgment is conclusive as to all defenses arising prior to its rendition, for the reason that they either were or might have been litigated in the original case (Black, Judgts. § 970), but it does not conclude a defense which did not exist at the time. Thus, the failure of a vendor's title is a good defense to an action brought to enforce payment of a judgment obtained upon notes given in part payment of the first installment of the purchase money on a contract to convey land, when the failure occurred after the date of

the judgment: *Burwell* v. *Jackson*, 9 N. Y. 535. In the case at bar, likewise, the rescission of the contract and the reëntry of the defendant into possession of the property occurred after the rendition of the judgment, and may be pleaded as a defense to an action thereon. It follows that the court was in error in sustaining the demurrer to the cross-bill, and the decree should be reversed, and the cause remanded for such further proceedings as may be proper, not inconsistent with this opinion.      REVERSED.