[No. 19736.  *En Banc.*  November 19, 1926.]

FRANKIE G. CAHILL *et al., Appellants,* v., EMERY D. McCOWN *et al., Respondents.*[1]

[1] VENDOR AND PURCHASER (53)—RESCISSION BY VENDOR—ELECTION— FORFEITURE BARRING RECOVERY OF PURCHASE MONEY.  Where a vendor forfeits the contract of sale for non-payment of install- ments and retakes possession of the land, he cannot maintain an action against the vendee for the "proceeds" of the crop for the previous year, which, by the contract, were to be applied upon, and title to which was pledged to secure, the unpaid pur- chase price; since he elected his remedy of forfeiture (FULLER- TON and MITCHELL, JJ., dissenting).

Appeal from a judgment of the superior court for Walla Walla county, Mills, J., entered June 25, 1925, upon findings in favor of the defendants, in an action on contract, tried to the court.  Affirmed.

*Gose & Crowe* and *R. R. Cahill* for appellants.

*Sharpstein, Smith & Sharpstein,* and *S. H. Cutting,* for respondents.

ASKREN, J.—Plaintiffs brought this action to recover the sum of two thousand three hundred and fifty dol- lars, alleged to be the balance of the proceeds of a crop of wheat, grown upon certain premises sold under con- ditional sale contract by plaintiffs to the defendants in May, 1920.  The contract was in the sum of thirty-four thousand dollars, and provided for the payment of two thousand dollars down, the assuming of an eight thou- sand dollar mortgage and the balance, twenty-four thousand dollars, to be paid on or before six years thereafter.  There was a provision in the contract re- quiring the defendants to plow and cultivate the land in question, seed the same to wheat, harvest the crop

[1]Reported in 250 Pac. 646.

thereon in the year 1921, and pledging the proceeds thereof to the payment of the interest and principal of the eight thousand dollar mortgage and the interest upon the balance of twenty-four thousand dollars.

Three affirmative defenses were interposed: First, that the cost of producing and marketing the crop in question was greater than the proceeds received therefrom; second, that there had been an accord and satisfaction by the acceptance of an offer, made to defendants by plaintiffs, to accept an assignment of certain school land leases in full payment of any sums due under the contract in question; and third, that, prior to the commencement of the action, plaintiffs cancelled and forfeited the contract in question, and took possession of the land.

A reply was filed denying the affirmative defenses, but admitting, as to the third affirmative defense, that they

". . . admit and allege that they forfeited the said contract under the terms and conditions thereof, and took possession of the said lands and premises about the 5th day of April, 1922, and all after the crop of grain, mentioned in plaintiffs' amended complaint, had been sown, grown and harvested; and plaintiffs admit that they have been in the exclusive possession and control of said premises ever since the forfeiture of the said contract, and are still in possession and control thereof."

At the time of the trial, an amended reply was filed in which this admission was changed to read:

"Plaintiffs admit and allege that, previous to the commencement of this action, the defendants abandoned the said contract and the said lands against the will, wish and desire of the plaintiffs, who then informed and demanded of them that they should keep and conform to the terms and conditions of the said contract; and after the defendants had refused to keep and perform the terms and conditions of said contract

with respect to the purchase of said lands and vacated the said lands, then and then only, did the plaintiffs take possession thereof, and they have been in possession thereof since said time.''

Upon the trial of the action, the court found that the cost of growing and marketing the crop in question was greater than the sale value thereof; that, prior to the commencement of the action, defendants had accepted the offer of plaintiffs to take an assignment of certain school land leases in payment of any sums due under the contract, although plaintiffs later refused to accept the same; and that, prior to the commencement of the action, the defendants informed plaintiffs that they were unable to make the payments provided for in the contract, and were unable to complete the purchase of the same; and that plaintiffs thereupon cancelled and forfeited the contract and took possession of the land in question, and ever since have remained in full possession thereof; and rendered judgment dismissing the action.

Plaintiffs, appealing, attack strenuously the holding of the trial court that the word ''proceeds,'' as used in the contract, meant the net proceeds of the crop in question, and not the gross proceeds thereof. Inasmuch as any one of the three affirmative defenses, if sustained by the proof, is decisive of appellants' appeal, we deem it necessary only to refer to the third affirmative defense, which alleged the cancellation and forfeiture of the contract by appellants.

[1]     There can be no question but what the proceeds, if any, of the crop of wheat, were to be used as a payment upon the purchase price of the property in question. The evidence is also very clear that respondents refused to make further payments upon the purchase price of the land, and were willing to return it to the appellants; that appellants took possession, in the

spring or early summer of 1922, and planted a crop thereon, and have ever since then held continuous possession thereof, and exercised the rights of ownership through the leasing to third persons. The law is well settled, that a vendor may not retake possession of property sold under a contract and still maintain an action for any portion of the unpaid purchase price. *Blenz v. Fogle,* 127 Wash. 224, 220 Pac. 790; *Sainsbury v. Wapato Fruit & Cold Storage Co.,* 132 Wash. 455, 232 Pac. 331.

This view of the law is not seriously contested by appellants, but it is contended that respondents' actions were such as to amount to an abandonment of the property, and that appellants were required to take possession in order to plant a crop in the year 1922. But the evidence, even of appellants, goes no further than to show that they did not wish to take the property back. They, however, had their election, either to sue for the unpaid balance or retake the property. They chose the latter. There is no claim that the property is being held for the respondents, and that appellants are claiming the balance due on the contract. They are exercising every right of ownership, and consider the contract forfeited and cancelled, and make no claim to any payments, except the one due prior to suit. The retaking of the property effectually cancelled this debt, which was to be a portion of the purchase price.

Judgment affirmed.

TOLMAN, C. J., PARKER, MACKINTOSH, BRIDGES, and MAIN, JJ., concur.

FULLERTON, J. (dissenting)—By the terms of the contract under which the real property was sold, the title to the wheat grown on such property was to remain in the appellants. It was the obligation of the respond-

ents to turn it or its proceeds over to them. This the respondents did not do, but, on the contrary, wrongfully converted the wheat to their own use. Had the respondents performed their agreement, notwithstanding the subsequent rescission of the contract of purchase of the real property, they would not have been entitled to a return of the wheat or its value. It is not my opinion that they have greater rights because they did not so perform.

I do not, of course, question the soundness of the principle of law announced in the cases on which the majority rely. It is my opinion that the principle is without application to the facts here presented. I therefore dissent.

MITCHELL, J., concurs with FULLERTON, J.