[No. 20645. Department Two. August 9, 1927.]

C. H. BLAKE, *Appellant*, v. LEONARD BAHR *et al.*,
*Respondents.*[1]

[1] VENDOR AND PURCHASER (53)—RESCISSION BY VENDOR—ELECTION
—FORFEITURE BARRING RECOVERY. Where a vendor, upon retaking
possession of the land because of inability of the purchaser to
make the payments due, and upon hiring the vendee to put
in a crop, agrees as to the amount then due and deducts the
same from the payment for the work, he cannot recover for
any other sum due on the sales contract.

Appeal from a judgment of the superior court for
Lincoln county, Sessions, J., entered April 2, 1927, up-
on the verdict of a jury rendered in favor of the de-
fendants, in an action upon a cropping contract. Af-
firmed.

*W. B. Mitchell*, for appellant.

*W. M. Nevins*, for respondents.

TOLMAN, J.—In November, 1923, appellant Blake,
being then the owner of a certain tract of 720 acres of
farm land, in Lincoln county, a written contract was
entered into by the terms of which Blake agreed to
sell, and respondents agreed to buy, the land for a
consideration of $16,700, $8,000 of which was to be
paid by the assumption and payment of a mortgage
then against the land in that amount,

". . . and the further payments of $8,700 to be
made to said C. H. Blake as follows: One-half of all
crops grown upon said land shall be delivered to
Nemo, Washington, the hay baled and on the car and
the wheat in the warehouse without expense to first
party, second parties to have the benefit of the market
price of said crop at any time they shall see fit to sell
not later than the first of January of each year;

[1]Reported in 258 Pac. 478.

. . . all deferred payments upon this agreement shall bear interest at the rate of six per cent per annum payable annually.''

Respondents apparently entered into possession of the land, farmed it during the season of 1924, raised some crops, but delivered nothing to appellant except seventeen tons of hay. On February 18, 1925, respondent Bahr wrote to appellant, stating, in effect, that he had no money or credit with which to procure seed for the coming season or to provide for the needs of his family until another crop could be raised, and asking appellant to assist him. The nature of appellant's reply is to be inferred from a letter dated February 21, 1925, written to appellant on respondent's behalf by their banker, which reads:

''Mr. Bahr called this morning and showed us your letter with reference to the seed wheat. Now Mr. Bahr has come to the conclusion that he cannot live on your place any longer. He has decided to move to a hay farm near there but states he will go ahead and put in your place for you, if you will furnish the seed and pay him for putting it in. Mr. Bahr has 249 bushels of seed wheat bought and cleaned and if you want him to put it in, he must know it right away. He wants the money deposited here in the bank before he starts doing any work. Of course, he cannot take out the seed unless he pays for it. It will take $500 to pay for the seed and he wants $1.00 per acre for putting in the crop. This is reasonable where he furnishes his own feed, as it must be harrowed twice and seeded, besides the work in treating the wheat, etc.

''If you want him to go ahead with this, please send $750 to this bank by return mail and we will notify him that the money is here and have him take out the seed and pay for it and keep the other $250 here in the bank until he has completed the work, and then turn this money over to him.

''Please advise by return mail, and oblige.''

Following that, the parties entered into a written agreement, which reads:

"This agreement, entered into this 25th day of February, 1925, between C. H. Blake, party of the first part, and Leonhard Bahr, party of the second part, witnesseth, party of the first part agrees to pay party of the second part for seeding and harrowing his summerfallow ground on the Zabel farm between Odessa and Lamona $1.00 per acre for 245 acres now in summerfallow, or $245, from which is to be deducted $42 debt of Bahr to Blake. First party agrees to pay said second party the remainder of $203 promptly upon completion of the seeding and harrowing.

"Second party hereto agrees to properly harrow twice and seed the summerfallow ground for the sum above named, and agrees to plant approximately one bushel wheat per acre, which wheat is being furnished by first party. He agrees to put this in in proper season during March, unless frost or storm prevents, and do all work in workmanlike manner."

The terms of this agreement were fully complied with by both parties. Thereafter, respondents removed from the land, appellant Blake took possession, harvested the 1925 crop and has since sold and conveyed the land to another.

In April, 1925, appellant brought this action to recover the value of half of the crop raised on the land in 1924. The case was tried to a jury, which rendered a verdict for the defendants, and the plaintiff has appealed.

[1] The record here is in such condition that it is very hard to tell on just what theory the case was tried, but appellant's only contention is that he was entitled to a judgment for one-half of the value of the 1924 crop, notwithstanding the verdict.

The theory of the complaint is apparently that appellant is entitled to recover, not for the use and oc-

cupation of the land, but because of the terms and conditions of the contract of sale; or, in other words, to recover a part of the purchase price after default had been made and he had repossessed himself of the land. Whether the facts can be distinguished from those in the case of *Cahill v. McCown,* 141 Wash. 82, 250 Pac. 646, so as to avoid the force of the rule there laid down, we need not enquire. Respondent Bahr testified that, when the agreement of February 25 was made, it was agreed between the parties that forty-two dollars was the entire and only sum owing from the respondents to appellant, and it was for that reason that the contract provided for the deducting of that amount only from what was to be paid for the seeding. This testimony, apparently received without objection, together with the contract to which it refers, were sufficient to carry the question to the jury, and we are powerless to interfere with the verdict.

The judgment is affirmed.

MACKINTOSH, C. J., HOLCOMB, PARKER, and FRENCH, JJ., concur.