[No. 22014. Department One. December 10, 1929.]

EDWARD H. CHAVELLE, *Appellant,* v. ERNEST DUCLOS
*et al., Respondents.*[1]

*Edward H. Chavelle,* for appellant.

*Schwellenbach, Merrick & Macfarlane,* for respondents.

TOLMAN, J.—This is an appeal from a judgment dismissing the plaintiff's action.

Except in one particular, the trial court found the facts to be as alleged in the complaint, and the appellant, without in any way questioning any of the findings of fact, contends here that the facts as found entitle him to a judgment as demanded in his complaint. The essential facts upon which the action is based, as found by the trial court, are in substance as follows:

In March, 1926, the respondents entered into a written contract with the then owners of certain described real estate in and by which the property was to be conveyed to them upon the payment of the stipulated purchase price of $4,500, of which $550 was paid in cash,

[1]Reported in 282 Pac. 843.

$1,800 was to be paid by the assumption of a mortgage, then a lien upon the property, and the remainder of $2,150, with interest, was to be paid in monthly installments. Respondents, as purchasers, assumed and agreed to pay all taxes and assessments levied against the property before delinquency, and it was provided that, in the event of the failure of the purchaser to so pay, the seller might pay the same and the sum so paid, together with interest at the rate of ten per cent per annum, should be repayable by the purchaser to the seller on demand without prejudice to the rights the seller might have by reason of such breach of the contract.

It was further provided that the purchaser assumed all hazards or damage to, or destruction of, the improvements on the land, and agreed, until the full payment of the purchase price, to keep the buildings on the premises insured to their full insurable value against loss or damage by fire, such insurance to be payable to the seller as his interest might appear, and such policies to be deposited with the seller. Thereafter, the seller conveyed the property to the appellant subject to the contract, and duly assigned the contract to the appellant, thereby vesting the title in the appellant, together with the right to receive the payments under the contract.

The court found further, as alleged in the complaint, that the respondents assumed and agreed to pay the mortgage as a part of the purchase price, but made default in the payment of interest due October 27, 1927, in the sum of $63, and made default in a subsequent payment of interest in like amount on April 27, 1928; and that appellant, to protect his title, was obliged to, and did, pay such interest on the mortgage in the sum of $126, no part of which has been repaid to him by the respondents. The court further found that respond-

ents permitted taxes for the years 1926 and 1927 in the sum of $170.25 to become delinquent, and have failed and refused at all times to pay the same. The court also found that, in like manner, respondents permitted special assessments in the sum of $60.65 to become delinquent, having refused to pay the same, and that appellant has paid these special assessments and demanded repayment from the respondents, which demand has not been complied with. It was further found that monthly installments aggregating $135 had been permitted to become delinquent and respondents had wholly failed and refused to pay the same. There is a finding also as follows:

"That under the terms of said written contract, the purchasers agreed, until the full payment of the purchase price, to keep all buildings on said premises insured to the full insurable value in some company acceptable to the sellers, and for the seller's benefit as interest may appear, and to deliver all policies and renewals thereof to the sellers. That there has become due, insurance upon said property, and the purchasers have failed and refused to insure said premises for the full insurable value thereof, against loss or damage, and to deliver the renewals of said policy to the plaintiff, and that the plaintiff has been compelled to expend, and has expended and disbursed, the sum of $3.50 as premium on insurance, and that although demand has been made upon said defendants for the payment thereof, they have failed and refused to pay the same."

And, in accordance with the defense presented by respondents' answer and presumably in accordance with the testimony offered, the court found that, on June 15, 1928, before the commencement of this action, the appellant forfeited the contract, retook possession of the property and ever since said time has been and now is in complete ownership and possession thereof, and that respondents have no interest therein

whatever. It is upon this finding that the judgment is based.

There is then presented here but the single question of whether the vendor in an executory contract for the sale of property may, after breach, forfeiture, and the repossession of the property, sue the vendee for moneys which the contract binds him to pay.

The question seems to be no longer an open one in this state. In *Sainsbury v. Wapato Fruit & Cold Storage Co.,* 132 Wash. 455, 232 Pac. 331, it was said:

"Nearly all of the courts, including this one, have held that, where there is a default of the purchaser under an executory contract, the vendor may annul the contract and re-take the property and thereby forfeit the rights of the vendee, including any payments which he may theretofore have made; and if he so does, he may not thereafter enforce any provisions of the contract or any payment agreed to be made thereunder."

To the same effect are *Blenz v. Fogle,* 127 Wash. 224, 220 Pac. 790; *Cahill v. McCown,* 141 Wash. 82, 250 Pac. 646; and *Blake v. Bahr,* 144 Wash. 578, 258 Pac. 478.

Appellant seems to contend that these items were no part of the purchase price, and that the vendees, by the contract, made an independent agreement to pay them whether forfeiture took place or not, and, in support of that position, cites the case of *Union Machinery & Supply Co. v. McCush,* 104 Wash. 62, 175 Pac. 559.

It is true that, under the peculiar facts of the *McCush* case and the unusual terms of the contract involved, this court there held that advances for the cost of insurance made by the vendor were not a part of the purchase price and could be recovered after forfeiture. If distinguishable upon the facts, that case may stand in spite of the later decisions of this court already cited. If not so distinguishable, then it has

already, in effect, been overruled by those subsequent cases.

At any rate the *McCush* case is not an authority against the trial court's rulings as to interest on the mortgage, taxes and assessments. Clearly they were part of the purchase price, and the only consideration for the contract to pay them was the vendor's covenant to convey. The insurance item here is so small as to be negligible. But, in any event, as we read the contract, the main intent and purpose of the provision as to insurance was to fix liability, in the event of loss, under the rule laid down in *Ashford v. Reese,* 132 Wash. 649, 233 Pac. 29. There was no provision in the contract to the effect that the vendor might insure and enforce repayment of the cost against the vendee, and nothing indicating that the insurance became an added expense solely because of the contract. So, lacking the peculiar circumstances of the *McCush* case, we are content to hold that here the cost of the insurance was a part of the purchase price.

Notwithstanding appellant's undoubted right to recover prior to forfeiture under the terms of the contract as written, when he undertook to forfeit and repossessed himself of the property, he thereby terminated the liability of the vendees *in toto.*

The judgment is affirmed.

MITCHELL, C. J., PARKER, BEALS, and MILLARD, JJ., concur.