## ORZECHOWSKI v. KOLODZIEJSKI.

1. VENDOR AND PURCHASER—JUDGMENT FOR UNPAID INSTALMENTS.
   A judgment for unpaid instalments under a land contract can-
   not be enforced after forfeiture as forfeiture is rescission and
   such a judgment is not an independent claim constituting
   payment of such instalments.

2. SAME—LAND CONTRACT—JUDGMENT FOR UNPAID INSTALMENTS—
   FORFEITURE.
   Under land contract providing that vendors may retain whatever
   had been paid thereon and that purchasers are not to be
   charged with the worth of their possession but without lan-
   guage constituting a judgment for instalments a payment on
   the contract, either to reduce the balance owing or as some-
   thing which may be retained by the vendor on forfeiture, such
   a judgment may not be enforced after forfeiture.

3. PLEADING—ANSWERS—ADMISSIONS.
   Failure of trial court to proceed to full hearing rather than de-
   termine case upon bill and answer in suit to enjoin enforce-
   ment of judgment in action at law for unpaid instalments
   under land contract after forfeiture *held*, harmless where
   answer admitted such facts as were essential to plaintiffs'
   case.

Appeal from Wayne; Murphy (Thomas J.), J. Submitted October 5, 1937. (Docket No. 19, Calendar No. 38,966.) Decided November 10, 1937.

Bill by Edward Orzechowski and wife against Stella Kolodziejski, as survivor of herself and her husband, and Frank J. Kolodziejski to restrain the enforcement of a judgment. Decree for plaintiffs. Defendants appeal. Affirmed.

*Samuel H. Rubin* (*Melba Rubin,* of counsel), for plaintiffs.

*Jesse Drake* and *Frank J. Kolodziejski* (*Chas A. Bryan,* of counsel), for defendants.

FEAD, C. J.   March 14, 1932, defendant and her husband, vendors in a land contract, had judgment against plaintiffs, vendees, for instalments then due and unpaid on the contract.   May 24th the vendors gave the vendees notice of forfeiture of the contract for default in payments falling due subsequently to those included in the judgment.   Later, the vendors recovered possession of the premises under writ of restitution, upon judgment in summary proceedings.

Plaintiffs (vendees) filed this bill to cancel and annul the judgment at law and to restrain defendant (as successor of herself and husband) from enforcing it.   Plaintiffs had decree for perpetual stay of judgment and injunction against the enforcement.

The question is new in this State but the authorities elsewhere seem to be unanimous in holding that a judgment for unpaid instalments cannot be enforced after the forfeiture.   *Des Moines Joint Stock Land Bank* v. *Wyffels,* 185 Minn. 476 (241 N. W. 592); *Warren* v. *Ward,* 91 Minn. 254 (97 N. W. 886); *Ward* v. *Warren,* 44 Ore. 102 (74 Pac. 482); *Gibbons* v. *Cozens,* 29 Ont. 356; *Cameron* v. *Bradbury,* 9 Grants Ch. Rep. 67; 3 Black on Rescission & Cancellation (2d Ed.) § 621, p. 1507; 27 R. C. L. p. 666; L. R. A. 1916 C, 895.

The cases treat the judgment merely as evidence of the instalments it represents and hold it noncollectible after forfeiture, under the established rule that after forfeiture no recovery can be had for any unpaid instalments, or because collection would

be inequitable, or for failure of consideration due to the forfeiture.

The ruling may be sustained on another principle. Fundamentally, forfeiture is rescission and, in the absence of contract, the vendor would be obliged to put the vendee in *status quo ante* the execution of the contract and restore to him the payments he had made, subject to equitable adjustment on account of possession, improvements and otherwise. However, the contract at bar disposed of all the equities and specifically declared the rights of the parties. The vendees are not charged with the worth of their possession and the vendors may retain "whatever may have been paid thereon and all improvements."

Defendant urges that judgment for an instalment operates as a credit upon the contract and, therefore, becomes wholly disassociated from it and is an independent claim. Carried to its logical conclusion, this contention would mean that if the vendor tenders deed and sues for the whole purchase price the vendee would be entitled to the deed immediately upon judgment and without payment thereof.

The rights of the parties are covered by a contract which contains no language constituting a judgment for instalments a payment on the contract, either to reduce the balance owing or as something which may be retained by the vendor on forfeiture. Action at law is merely an additional remedy for the collection of instalments and, until the collection is actually made, the judgment does not constitute payment.

Defendant complains because the court did not proceed to full hearing but determined the issues upon bill and answer in which the above facts were alleged and admitted. We find nothing in the answer which would destroy the effect of the rule here

adopted or deny relief to the plaintiffs. Further hearing would be a useless procedure.

Decree affirmed, with costs.

NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.