[No. 3816–II. Division Two. October 8, 1980.]

THE TRANS WEST COMPANY, *Plaintiff,* v. EDWARD G. TEUSCHER, ET AL, *Appellants,* TEUSCHER AND JONES, INC., ET AL, *Respondents.*

*Douglas V. Alling,* for appellants.

*Donald M. Ingersoll,* for respondents.

PETRICH, J.—This appeal concerns a dispute between individual defendants who, together with a corporation in which they were the only stockholders, were co–vendees under a delinquent real estate contract. Defendants Edward and Florence Teuscher appeal the order of the trial court which declared judgments entered in favor of plaintiff Trans West Company against defendant Teuscher and Jones, Inc., and its individual shareholders to be satisfied as a matter of law. We affirm.

In December 1973 Trans West Company sold real property to defendant Teuscher and Jones, Inc., and its individual shareholders by real estate contract. The contract set a total price of $240,000 and provided for the purchasers to pay a down payment and quarterly installments on the contract balance beginning February 1, 1974. The purchasers failed to pay the installments in a timely manner, and Trans West took various forms of legal action to enforce the contract provisions.

In May 1976 Trans West sued defendants for unpaid installments dated from November 1, 1975 and thereafter (Grays Harbor County cause No. 67227). After entry of judgment in this cause, defendants continued in default. In December 1976 plaintiff sued for additional unpaid installments owing in November 1976 (Grays Harbor County

cause No. 68074). As a result of these actions, plaintiff obtained four judgments against defendants between October 1976 and April 1977 in cause Nos. 67227 and 68074 for a total of $47,419.96 which represented unpaid installments and attorney's fees and costs.[1]

Defendants continued in default and eventually agreed to consent to forfeit their rights under the contract. Accordingly, on May 2, 1977, plaintiff filed a complaint for forfeiture of the real estate contract based in part upon defendants' failure to pay the past due accrued installments which had been reduced to judgment and failure to pay the current installment due May 1, 1977.[2] In its findings of fact the trial court stated that defendants had failed to make any of the required installment payments due each quarter beginning May 1, 1975 through May 1, 1977. On May 20, 1977, the court entered judgment for forfeiture of the contract terminating all rights of the purchasers.

On May 19, 1977, 1 day before entry of the forfeiture judgment, plaintiff assigned the unpaid judgments entered in cause Nos. 67227 and 68074 to defendants Edward and Florence Teuscher. On May 20, 1977, plaintiff transferred the land to the Teuschers by warranty deed. In payment,

---

[1]The record shows that plaintiff Trans West obtained the following judgments against defendants relating to unpaid interim installments in cause Nos. 67227 and 68074: $26,088.10 (cause No. 67227 for unpaid installments, costs and attorney's fees); two judgments for $7,665.93 (cause No. 68074 for unpaid installments); $1,500 (attorney's fees in cause No. 68074); and $4,500 (attorney's fees).

[2]Contrary to the statement of the attorney for defendants Teuscher during oral argument, the complaint for forfeiture was based upon defendants' failure to pay the accrued prior installments and the installment presently due. As the complaint provides in pertinent part:

[T]he defendants, and each of them, have defaulted by failing to make the contract payments in the amount of $7,665.93 to the plaintiff under said contract, payable on and after each quarter, commencing November 1, 1975. Lawsuits have been brought against the defendants in Grays Harbor County, and judgments have been entered against them for failing to pay the installments. . . . Furthermore, that a payment is due on said contract in the amount of $7,665.93 on the first day of May, 1977, and the defendants, and each of them, have made plaintiff aware of the fact that they cannot and will not make the payments due upon said property.

the Teuschers executed a note and trust deed for $128,655 in favor of plaintiff.

After receiving the assignment of the unpaid judgments in cause Nos. 67227 and 68074, the Teuschers sought to execute these judgments against defendants Jones and levied upon their co–vendees' interest in other real property owned jointly by Teuscher and Jones. A sheriff's sale was held on November 23, 1977, after which title to this other property in question was vested in the Teuschers. Defendants Jones moved to set aside the sale and declare the prior judgments to be satisfied as a matter of law by entry of the judgment in the forfeiture action. After hearing argument, the trial court set aside the sheriff's sale on the basis of inadequate notice and held as a matter of law that the prior judgments for unpaid installments were satisfied by entry of the judgment in the forfeiture action. The Teuschers appeal the order of satisfaction.

The primary issue on appeal is whether entry of the forfeiture judgment satisfied the judgments entered in cause Nos. 67227 and 68074 for unpaid interim installments and thus prevents the Teuschers, as assignees of the plaintiff–vendor, from enforcing the terms of the prior judgments against their co–vendees. It is well established that a vendor of an installment sale contract may not recover the underlying unpaid debt owing on the purchase price and also enforce the contract's forfeiture remedy because the two remedies are inconsistent and result in a windfall recovery to the vendor. *Blenz v. Fogle,* 127 Wash. 224, 220 P. 790 (1923). *Accord, Geranios v. Annex Invs., Inc.,* 45 Wn.2d 233, 235, 273 P.2d 793 (1954); *Fleury v. Bowden,* 11 Wn. App. 617, 620–21, 524 P.2d 449 (1974). Exceptions are recognized when the note sued upon is deemed the equivalent of "cash" in payment of the down payment or is otherwise accepted in lieu of a cash payment and is not classified as a deferred payment, *e.g., Van Geest v. Willard,* 27 Wn.2d 753, 769, 180 P.2d 78 (1947), or when the parties have modified the rule by contract so that enforcement of

both remedies does not result in double recovery. *Fleury v. Bowden, supra* at 621–22.

The Teuschers argue that the rule of *Blenz* does not apply to the present case because (1) *Blenz* and cases reciting its rule concern the vendor's attempt to recover the remaining unpaid purchase price, as opposed to interim installments already reduced to judgment, as well as to enforce a forfeiture; and (2) the prior judgments represent recovery of past–due accrued installments of a severable obligation. As such, the Teuschers argue that they are the equivalent to "cash" not "deferred payments" and come within the exception set forth in *Van Geest v. Willard, supra.* We cannot agree.

 We concede that *Blenz* and other cases following it held specifically that the vendor may not sue upon the balance of the purchase price remaining unpaid after declaration of forfeiture and also declare a forfeiture. *Blenz v. Fogle, supra. See also Geranios v. Annex Invs., Inc., supra* at 235; *Chavelle v. Duclos,* 154 Wash. 492, 282 P. 843 (1929). In contrast, the Teuschers seek to recover unpaid interim installments reduced to judgment. However, in *Blenz* the court did not expressly limit its holding to situations where the vendor seeks to recover the unpaid portion of the purchase price which has not been already reduced to judgment. Rather, the court noted that a vendor may not reclaim the property by forfeiture "and at the same time *recover any portion of the unpaid sale price.*" (Italics ours.) *Blenz v. Fogle, supra* at 231. Other jurisdictions have expressly held that a vendor may not enforce judgments for unpaid interim installments after a forfeiture has been declared. *Zirinsky v. Sheehan,* 413 F.2d 481, 484–85 (8th Cir. 1969), *cert. denied,* 396 U.S. 1059, 24 L. Ed. 2d 753, 90 S. Ct. 754 (1970); *Orzechowski v. Kolodziejski,* 281 Mich. 657, 275 N.W. 722 (1937); *Warren v. Ward,* 91 Minn. 254, 97 N.W. 886 (1904); *Ward v. Warren,* 44 Ore. 102, 74 P. 482 (1903). *See also Blenz v. Fogle, supra* (citing *Warren v. Ward, supra*). If the judgments for the unpaid interim installments had been collected prior to the declaration of

forfeiture, they would be treated as any other installments paid by the vendees and would be forfeited to the vendor. Since they remain unpaid at the time of forfeiture, however, the judgments must be treated as a portion of the purchase price remaining unpaid. Therefore, the vendor and its successor in interest may not recover them in addition to the forfeiture.

We also reject the second distinction raised by the Teuschers that the judgments represent recovery of obligations which are severable from the remaining contract balance and, therefore, fall within the exception which allows the vendor to recover debts which are the equivalent of "cash" rather than deferred payments. The installment payments reduced to judgment in cause Nos. 67227 and 68074 are no more severable than any other installments owing on a real estate contract. Reduction of the accrued unpaid installments to judgment does not convert them into the equivalent of a cash payment for the installments. *Cf. McHugh v. Rosaia,* 184 Wash. 463, 51 P.2d 616 (1935) (wherein the court allowed the vendor to declare a forfeiture and also sue upon a note given in lieu of cash for new consideration in payment of a past–due installment). In the present case, the prior judgments are not severable from the contract balance and are characterized as deferred installment payments which remain unpaid at the time of forfeiture.

We hold that the trial court correctly determined that the forfeiture judgment satisfied the judgments for unpaid installments as a matter of law. As assignees of the contract vendor, the Teuschers are barred from executing these prior judgments against their co–vendees as a matter of law. This is consistent with the long–standing rule that, when the forfeiture remedy is elected, all rights existing under the contract cease for all parties to it. *E.g., Rose v. Rundall,* 86 Wash. 422, 150 P. 614 (1915); *Turner v. Wexler,* 14 Wn. App. 143, 148, 538 P.2d 877 (1975).

The Teuschers also argue that, if the forfeiture judgment satisfied the judgments for past–due installments, it did not

necessarily satisfy the prior judgments which represent attorney's fees. In support they cite *Suess v. Heale,* 68 Wn.2d 962, 416 P.2d 458 (1966). We disagree. *Suess v. Heale, supra,* held that after declaration of a forfeiture by the contract vendor, the vendor may recover attorney's fees necessary to pursue the forfeiture remedy if the contract so provides. It is not authority for allowing recovery of attorney's fees spent to obtain judgments for unpaid installments which are deemed satisfied as a matter of law.

The judgment of the trial court is affirmed.

REED, C.J., and PETRIE, J., concur.

Reconsideration denied October 24, 1980.