ANNIE C. WARREN v. JAMES H. WARD and Others.[1]

January 8, 1904.

Nos. 13,717—(124).

**Vacating Judgment.**

> The district courts of this state are authorized, under G. S. 1894, § 5435, to satisfy and vacate judgments paid in fact, though undischarged of record; and such relief may be granted upon a motion based upon affidavits, as well as by action, in the exercise of sound judicial discretion.

**Contract of Sale—Recovery.**

> Under the terms of an executory contract for the sale of land, where, upon failure to make payments by the vendee, the vendor may declare a forfeiture and have the contract canceled, when the latter exercises that right he cannot be permitted to recover his land, and retain the benefits of a judgment which he has previously recovered for the unpaid part of the purchase money, as under the facts in this case.

Appeal by defendants from an order of the district court for Mille Lacs county, Searles, J., denying a motion to satisfy and discharge of record a judgment for $1,484.68 theretofore entered and docketed against defendants in favor of plaintiff. Reversed and remanded.

*Carl F. J. Goebel* and *A. E. Helmick,* for appellants.

As to the power of the court to grant relief see G. S. 1894, § 5435; Lough v. Pitman, 26 Minn. 345; Woodford v. Reynolds, 36 Minn. 155; Rother v. Monahan, 60 Minn. 186.

The judgment complained of did not conclude the rights and defenses of the parties subsequently arising out of the contract upon which the judgment was founded, nor preclude such subsequent rights and defenses from being urged in opposition to its enforcement. Burwell v. Jackson, 9 N. Y. 535; 2 Black, Judg. (2d Ed.) § 970; Drake v. Gilpin, 16 Colo. 231; Brakke v. Hoskins, 98 Iowa, 233; Greenlee v. Gaines, 13 Ala. 198; Rose v. Northwest F. & M. Ins. Co., 67 Fed. 439; Brower v. Nellis, 6 Ind. App. 323.

The judgment being a partial enforcement of a vendor's lien, was waived by rescission of the contract upon which it was based. Mosh-

[1] Reported in 97 N. W. 886.

ier v. Meek, 80 Ill. 79, also Selby v. Stanley, 4 Minn. 34 (65); Effinger's Ex. v. Kenney, 92 Va. 245; Coffman v. Huck, 19 Mo. 435.

The judgment complained of has been satisfied in fact by the acts of the judgment creditor, and equity will adjudge it satisfied. Craig v. Leslie, 3 Wheat. 563, 578; Maddox v. Rowe, 23 Ga. 431; Lombard v. Chicago, 64 Ill. 477; Worrall v. Munn, 38 N. Y. 137, 139; Brewer v. Herbert, 30 Md. 301; Graff's Ex. v. Kelly's Exrs., 43 Pa. St. 453; Smith v. Lamb, 26 Ill. 397; Richards v. Allen, 17 Me. 296; Miner v. Bradley, 22 Pick. 457; Filby v. Miller, 25 Pa. St. 264.

*Charles Keith,* for respondent.

Under a contract to convey lands, when notes for purchase price are given payable at intervals, the holder of the notes can collect the same as they become due, and, if, after a judgment on some of the notes, the maker of the notes defaults in the payment of the balance, the holder of the contract can proceed to have the contract canceled without in any way affecting a judgment he may have obtained upon the first notes. Shephard v. Little, 14 Johns. 210; Devling v. Little, 26 Pa. St. 502; Palmer v. Harris, 100 Ill. 276; Washington v. Soria, 73 Miss. 665; 22 Enc. Pl. & Pr. 672–678; Longmaid v. Coulter, 123 Cal. 208; Fitzell v. Leaky, 72 Cal. 477; Graves v. Coutant, 31 N. J. Eq. 763, 780; Dickason v. Eby, 73 Mo. 133, 140; Micou v. Ashurst, 55 Ala. 607, 613; Waddill v. Sebree, 88 Va. 1012; Bohart v. Republic, 49 Kan. 94; Samuel v. Allen, 98 Cal. 406; Brame v. Swain, 111 N. C. 540; Allen v. Taylor, 96 N. C. 37; Vieno v. Gibson (Tex. Civ. App.) 20 S. W. 717; Wilcoxson v. Stitt, 65 Cal. 596; Smith v. Mohn, 87 Cal. 489.

LOVELY, J.

Motion to have a judgment satisfied and discharged of record, upon the claim that such relief should be granted as a matter of equitable right, under G. S. 1894, § 5435. The motion was denied by the court below, and this appeal is from that order.

The application to have the judgment discharged was based upon a showing by affidavits of the applicants from which it appeared that on July 19, 1892, respondent agreed to convey to appellants, for the sum of $3,000, one hundred twenty acres of land, $1,000 of the pur-

chase money being paid on the execution of the contract, while $500 was to be paid on November 1, 1893, with three further payments, of $500 each, annually on July 19 of each succeeding year, until the whole thereof was paid, with interest and taxes, upon the condition, among other things, that, in case of the failure of the purchasers to make either of the payments or interest, the whole portion became due, and the vendor might, at her option, declare a forfeiture, which should be sufficient to cancel all obligations entered into between the parties, and reinvest her with title to the property, and the right to re-enter and take possession of the premises. Appellants thereafter paid portions of the interest, but defaulted in the two next payments, upon which suit was brought. They were absent from the state, and upon their default judgment was entered against them and docketed. A transcript was thereafter sent to Oregon, where they resided, and there sought to be enforced. This is the judgment which the appellants seek to have here vacated and set aside.

While the matter was in this situation, and after this judgment had been entered, the owner of the land (respondent) brought suit to enforce the forfeiture in the purchase contract, and to recover the property, under the stringent provisions therein authorizing that remedy. The complaint in this latter suit sets forth the right of the plaintiff therein to the relief prayed for, resting wholly upon an enforcement of her rights under the forfeiture clause. No answer was interposed, and judgment was entered for plaintiff, as well as for the recovery of the property.

The motion to vacate was served upon the attorney for the respondent who appeared within the proper time, and the statements set forth in the accompanying affidavits of the moving parties, showing the facts above set forth, were not in any way controverted or disputed, and it is insisted that, as a matter of right, they require a cancellation of the money judgment, upon the ground that, in equity and good conscience, it should not be enforced, since the remedy sought and granted in the action to have the contract annulled and for possession of the property discharged the appellants from all obligations to pay any further portion of the purchase price of the land.

The power of courts to control their records, and to set aside and cancel judgments which have been paid in fact, although still remain-

ing of record, is provided for by the statute which authorizes the exercise of this authority. It reads as follows:

"Whenever a judgment is satisfied in fact otherwise than upon an execution, it is the duty of the party or attorney to give such acknowledgment, and upon motion the court may compel it, or may order the entry of satisfaction to be made without it." G. S. 1894, § 5435.

While the strict terms of the statute apply to a judgment which has been paid in fact, perhaps by cash, we are clear that, where such facts and conditions exist as are tantamount to such payment, this relief should be granted. It is true that such relief might be obtained, and probably would be ordinarily asked, in an equitable suit against the owner of the judgment to annul the same, but in this proceeding the facts are as fully set forth as they could be in a complaint in an action for that purpose. The defendants appearing on the hearing contested the right of the court to grant the relief upon the ground that the facts set forth did not authorize an order of cancellation, thereby conceding the jurisdiction of the court, and practically the facts alleged in the affidavits. We have recognized the power of the district court, upon a showing of facts upon affidavits, to order the satisfaction of a judgment upon proper grounds, where such satisfaction becomes an equitable right, rather than to relegate the party seeking such relief to an action therefor. Woodford v. Reynolds, 36 Minn. 155, 30 N. W. 757. In that case the satisfaction was refused upon the ground that the facts were in dispute, and it was held that it was a fair exercise of judicial discretion to leave the parties to their remedy in a suit which had been commenced for the same purpose; but in this proceeding the facts are not in dispute, and are as clearly established as they could be upon a judicial determination, and we see no just reason, if they warrant the remedy, why it should not be granted.

It must be conceded that whatever the purchasers of the land had actually paid thereon under the contract could not be recovered back. They had lost not only this, but further they had lost the land, which was recovered by the vendor; and it seems palpably inequitable and unjust that the vendor could have her land, what had been paid upon it, and likewise enforce further payments, since it was provided in the

contract itself that all further obligations be cancelled. There is no difference in the authorities upon the proposition that one cannot have the specific performance of the contract and its rescission. This is but the application of the very hackneyed truism that "one cannot have his cake and eat it."

But it is suggested that the fact that judgment had been obtained for part of the purchase price, which had been unpaid, placed the parties in a different position as to the balance of the purchase money, which had not been reduced to judgment. We do not appreciate this distinction. The judgment was but evidence of an indebtedness which, in justice, should be inoperative and of no avail by reason of the action to recover the land, and the result thereby secured. At the time when this latter action was brought, and the judgment thereon rendered by which the land was recovered, as appears from the showing made, it had been sold to third parties. This is no further important than as emphasizing the injustice of the attempt to enforce the judgment in a foreign state, and the further fact that relief might well be sought by motion, and upon showing by affidavits, which was a practical, and perhaps necessary, resource to purge the records of the court of a judgment whose enforcement in another jurisdiction would be oppressive and wrongful.

We are satisfied, upon the showing made, that the court should have set aside the judgment upon the ground that it should no longer be permitted to remain an obligation from which the appellants were required to protect themselves.

Order reversed and cause remanded for further proceedings.