## J. L. ANDRESEN v. FRANCES BRESKY SIMON AND OTHERS.[1]

April 22, 1927.

Nos. 25,939, 26,004.

**After vendor has canceled executory land contract he cannot recover unpaid portion of price.**

1. After an executory contract for the sale of land has been canceled by the statutory notice for the default of the vendee, the vendor can no longer recover the unpaid portion of the purchase price for which the contract provided.

**Finding sustained that vendor accepted note and mortgage in lieu of cash payment.**

2. The evidence supports a finding that, in lieu of the initial or down payment for which the contract provided, the vendor accepted the note of the vendees, secured by a real estate mortgage.

Mortgages, 41 C. J. p. 936 n. 29.
Vendor and Purchaser, 39 Cyc. p. 1399 n. 26.

[1]Reported in 213 N. W. 563.

Plaintiff appealed from a judgment of the district court for Mille Lacs county, Nye, J. Affirmed.

*Fowler, Carlson, Furber & Johnson,* for appellant.

*Eleanore H. Bresky* and *Thomas Kneeland,* for respondents.

LEES, C.

The respondent Frances Bresky Simon owned an apartment house in Minneapolis. The respondent Eleanore H. Bresky was her agent in charge of the property. She sold it to Charles E. and Augusta Newberg for $24,000. The contract of sale is dated March 26, 1923. The payment clause reads in part as follows:

"Five Thousand Dollars ($5,000.00) in hand paid, the receipt of which is hereby acknowledged, and by assuming and agreeing to pay one certain mortgage of Eight Thousand ($8,000.00) Dollars now thereon."

The balance of $11,000 was made payable in monthly instalments of $150. The Newbergs gave their note for $5,000, payable in 15 days. They failed to pay the note and on April 14, 1923, it was returned to them and they executed a new note for the same amount, payable three years after date, secured by a third mortgage on a farm in Mille Lacs county, and received the contract for the purchase of the apartment house. The note and mortgage ran to Eleanore H. Bresky and were assigned by her to D. P. O'Neil and by him to Frances Bresky Simon. The Newbergs conveyed the land to one Bakke, who conveyed to the appellant Andresen. The $5,000 mortgage was not excepted from the covenant of warranty in either deed. The Newbergs failed to make payment of the monthly instalments for which the contract provided and were served with the statutory notice of cancelation in May, 1924. They made no attempt to remove their default. When the $5,000 mortgage fell due, Miss Bresky, as attorney for Mrs. Simon, commenced proceedings to foreclose by advertisement, whereupon this action was brought for the cancelation of the mortgage and to enjoin the foreclosure thereof.

The court found that the Newbergs gave the note and mortgage for value and as part consideration for the purchase of the apart-

ment house and in lieu of the cash or down payment for which the contract provides, and dismissed the suit. Plaintiff has appealed from the judgment.

Briefly stated, the theory upon which a reversal is sought is this: The effect of the vendor's acceptance of the note and mortgage was to modify the contract by deferring the time of making of the initial payment for three years. The evidence does not show that the note was received as the equivalent of $5,000 in cash or in lieu thereof. When the vendor canceled the contract and regained possession of the property, her right to enforce the note and mortgage ceased, for she could not take and keep the property and at the same time compel the vendees to pay for it.

The court found that there was an abortive attempt to cancel the contract, and there was some argument here as to the sufficiency of the evidence to sustain that finding. Neither the record nor the briefs disclose any valid reason for holding that the cancelation was not legally effective, and we will proceed on the assumption that the contract was terminated in the summer of 1924 and that thereafter neither party could assert any rights under it. Sylvester v. Holasek, 83 Minn. 362, 86 N. W. 336; Olson v. N. P. Ry. Co. 126 Minn. 229, 148 N. W. 67, L. R. A. 1915F, 962; Needles v. Keys, 149 Minn. 477, 184 N. W. 33; Nolan v. Greeley, 150 Minn. 441, 185 N. W. 647. That being the case, the vendor could no longer recover any portion of the unpaid balance of the purchase price. Warren v. Ward, 91 Minn. 254, 97 N. W. 886; Olson v. N. P. Ry. Co. 126 Minn. 229, 231, 148 N. W. 67, L. R. A. 1915F, 962; and see Nelson v. International Harvester Co. 117 Minn. 298, 303, 135 N. W. 808.

It follows that, if the $5,000 note was not given and accepted in lieu of a cash payment of that amount, the judgment cannot be sustained. This brings us to a consideration of the vital question in the case.

The evidence shows that the contract was drafted on March 26; that the Newbergs asked for a short time within which to raise the money to make the down payment and gave the 15-day note already mentioned. They failed to pay it and, on April 14, came to Miss

Bresky's office and informed her that they could not pay it. D. P. O'Neil was present and acted for Miss Bresky in an advisory capacity. He told her to return the note and "call the whole deal off." The Newbergs then offered to give the note and mortgage in question. Acting on O'Neil's advice, Miss Bresky returned the 15-day note, accepted the new note and mortgage, and delivered a duplicate of the contract to the Newbergs.

Appellant relies on the familiar rule that, in the absence of an agreement by the parties that it shall have that effect, a promissory note does not operate as a payment or extinguishment of an antecedent debt, the party asserting that the note had that effect having the burden of overcoming the presumption to the contrary. Dun. Dig. § 7444.

We agree with appellant's counsel that the statement in the contract that $5,000 had been paid was nothing more than a receipt, open to explanation in the same manner as an independent receipt. Devine v. Lewis, 38 Minn. 24, 35 N. W. 711; Enkema v. McIntyre, 136 Minn. 293, 161 N. W. 587, 2 A. L. R. 411. So the question comes to this: Does the evidence support the finding that the note and mortgage were accepted in lieu of the cash payment required by the terms of the contract?

When the contract was drafted the parties intended that the initial payment should be made in money. No change was made in the language of the contract after it become apparent that the vendees could not raise the money. Mr. O'Neil testified that when this appeared, he said: "There was only one way, that if they would give a mortgage on them lands and the farm out here by Bock, in that way I would give consent * * * to Miss Bresky to close the deal, and finally that was done and the mortgage was taken and signed, * * * and the new note * * * in lieu of this fifteen day note." He also testified that Miss Bresky refused to sell the apartment house on terms which would permit the Newbergs to pay for it out of the income of the property and that she insisted on a down payment of $5,000. It is a fair inference that she and O'Neil concluded to take the note and mortgage in lieu of the money called for by the terms of the contract. If the New-

bergs had transferred the note of a third party to Miss Bresky, it could hardly be successfully maintained that it could not be enforced or would have to be returned after the cancelation of the contract became effective. We see no good reason for holding that the result should be different because the Newbergs gave their own note. Money paid or property transferred by the vendee to the vendor is forfeited if the vendee defaults in the performance of the contract and the vendor exercises his right of cancelation. So, here, the Newbergs lost any right they may have had to a return of the note and mortgage when the contract was canceled for their failure to perform.

It is argued on the one hand that the note merely represents a deferred instalment of the purchase price and, on the other hand, that their execution and acceptance was the result of an independent transaction having no connection with the manner of making the deferred payments. Under the evidence, we think the court was justified in taking the latter view. We have not overlooked the argument that, if the note were not paid at the end of three years, the vendor could have canceled the contract on the ground that a payment required by its terms had not been made. Possibly that may be true but, even so, it cannot be held that the right to resort to that remedy, or at the option of the vendor, to foreclose the mortgage, conclusively shows that the note was taken for a deferred payment instead of in lieu of the initial or down payment.

It is suggested that the consideration for the note and mortgage failed when the contract was canceled. We are not of that opinion. The Newbergs obtained a contract which gave them the usual rights of vendees in executory contracts for the sale of land. The execution and delivery of the contract was a valuable present consideration for the note and mortgage. It will hardly do to say that the apartment house was the consideration and, since they have lost it, the consideration has failed.

We conclude that the finding that the note and mortgage were taken in lieu of $5,000 in money is supported by the evidence and is determinative of the case.

Judgment affirmed.