[File No. 5954.]

NATHAN E. DENNIS, Appellant, v. EVA L. PEASE and E. C. Thomas, Respondents.

(240 N. W. 611.)

Opinion filed February 1, 1932.

*F. M. Jackson,* for appellant.

720

*E. C. Thomas* and *E. C. Wilson,* for respondent.

CHRISTIANSON, Ch. J. The controversy before us on this appeal arises out of relations created and transactions had under an executory contract for the sale of land. The material facts are substantially as follows: In April, 1921, the defendant Eva L. Pease was the owner in fee simple of a one hundred sixty-acre tract of land in Adams County in this state. About that time she entered into a contract with the above named plaintiff, Nathan E. Dennis, whereby she agreed to sell and convey such tract of land to said Dennis upon the payment by him of the sum of $3,100.00 with interest at the rate of 6 per cent per annum. The contract provided that the purchase price was to·be paid by said Dennis by delivering to said Eva L. Pease each year all the crops on the land. It contained specific provisions as regards the number of acres that said Dennis should put into crop each year. The contract further provided that in event the crops produced in any year should be insufficient to pay the interest due on the principal sum, that said Dennis would pay such interest in full on the 1st day of November of each year. It was stipulated that Dennis should pay all taxes or assessments· that might be levied or assessed against said land subsequent to the year 1920. Other provisions in the contract were to the effect that said Eva L. Pease should be entitled to the possession of all crops raised on the premises each year and all the proceeds of the same and that the title to all such crops and the proceeds thereof should be and remain in the said Eva L. Pease until the stipulated purchase price of the real estate had been paid for in full. There was also a provision in the contract to the effect that in case the crops were not properly sown, cultivated, harvested, threshed, etc., that said Eva L. Pease was authorized to sow, cultivate, harvest, thresh and market such crops and to re-imburse herself for all labor and expense out of the proceeds of such crops, and apply the residue on the amount due under the contract. The contract also provided, in effect, that Dennis should

have the right of possession of the land but in the event of failure on his part to do and perform any and all of the covenants therein stipulated to be performed by him, that said Eva L. Pease should be entitled to cancel the contract; and in that event all improvements that might have been put on the land or payments made on said contract by said Dennis should be deemed so much rental for the land, and liquidated damages due to said Eva L. Pease by reason of such failure on the part of said Dennis.

Dennis put the land into crop in 1921 but no crop was produced. He again farmed the land in 1922 and harvested and threshed crops which he subsequently sold for $274.00. He did not pay this sum to Eva L. Pease but retained it and converted it to his own use. Dennis did not farm the land subsequent to 1922. He has not paid Eva L. Pease anything whatsoever on the contract and has never paid any taxes on the land. In the years 1923 to 1927, inclusive, the defendant Pease entered into arrangements whereby the lands were farmed by other persons and she applied the moneys which she received upon the interest payments due under the contract.

It is the claim of Dennis that in 1922 Eva L. Pease wrote him a letter intimating or stating that he could not expect to retain the land unless he turned over the crop as provided in the contract. The plaintiff claims that he considered this letter to be a cancellation of the contract and that he abandoned the land and that the defendant Pease took possession of it and leased it to various persons up to and including the year 1927 and that in February, 1928, she sold the land to one Thorson and executed and delivered to him a warranty deed; that Thorson entered into possession of the land by virtue of such deed and has been in such possession ever since. The defendant Pease claims that she did not oust Dennis from possession or take possession of the land in derogation of his rights under the contract but that she exercised whatever control she did over the land by virtue of the provisions in the contract authorizing her to farm the land in the event Dennis failed to do so; that the income received by her from the cropping of the land was credited upon the amount due upon the contract and that the contract remained in full force and effect.

In 1924 the defendant Pease brought an action to enforce the contract. In the complaint in that action it was alleged that said Pease

and Dennis had entered into a contract for the sale by Pease to Dennis of the land in question. The controlling terms of the contract were specifically set forth. It was alleged that in the year 1922 said Dennis cropped the land and took and converted to his own use all the grain grown thereon; that he failed and refused to farm the land in the years 1923 and 1924 and that said Pease, by virtue of the terms of the contract authorizing her so to do, had the land cropped. The complaint further alleged that said Dennis had failed to pay taxes upon the land or interest upon the principal due under the contract and that said Pease had paid the taxes. It was further alleged that the plaintiff in such action tendered title to the said Dennis upon his compliance with the terms of the contract and that she brought and tendered into court a duly executed warranty deed to abide the order of the court to be delivered to the said Dennis upon payment of the judgment which might be rendered in the action and the further payments of the purchase price stipulated in the contract. There was a prayer for judgment to the effect that the plaintiff have decree that the contract be specifically performed by said Dennis; that said Pease have money judgment against him for the value of the proceeds of the crop for the year 1922, which had been converted by Dennis, and for the amount of taxes paid by her and for the amount then due upon the past due interest payments; and that the court ascertain and fix the amount due upon the contract to be paid by said Dennis to entitle him to a warranty deed. The record before us does not disclose the answer that was interposed by Dennis in that action but it does disclose that the case came on for trial upon issue joined; that both parties were present in person and by their attorneys and that as a result of that trial the court made findings of fact and conclusions of law and ordered judgment to be entered in favor of Pease and against Dennis for the proceeds of the 1922 crop, for the taxes paid by Pease, and for the balance due on the interest payments under the contract. No appeal was taken by the defendant Dennis from such judgment and it became final.

In the findings of fact in that case the court specifically found that the contract was in full force and effect; that said Pease had at all times been ready, able and willing to perform all the conditions and terms thereof and that she was entitled to specific performance; that

said Dennis, in 1922, raised and took from the land certain wheat which he sold for the sum of $274.00 and that he retained the whole thereof; that in the month of January, 1923, said Dennis had abandoned the land and that since that time he had failed and refused to perform under the contract and that commencing with the farming season in 1923 said Pease had been compelled to have the land farmed, and had farmed said land for the benefit of said Dennis under and by virtue of the terms of the contract.

The present action was commenced in June, 1929. The object sought is cancellation of the contract and annulment of the judgment rendered against Dennis in the former suit. The action is predicated upon the proposition that the contract between Dennis and Pease was cancelled by mutual consent of the parties in 1922 or 1923.

The complaint alleges the making of the contract; that pursuant thereto the plaintiff entered into the possession of the lands and farmed the same during the years 1921 and 1922.

"That during the late fall of 1922 or the early winter of 1923 the Plaintiff, being unable at the time to deliver said wheat at the elevator, was informed by the Defendant, Eva L. Pease that he could no longer retain the possession of said land unless the crop would be immediately delivered at the elevator to the order of the Defendant, Eva L. Pease.

"That thereupon the Plaintiff agreed to the terms and conditions of said cancellation of said contract and immediately surrendered the possession of said lands to the Defendant, Eva L. Pease, who took possession of said lands and remained in the uninterrupted possession of the same from the fall of 1922 or early winter of 1923 up to and including the first part of the year 1928."

"That in the month of February, 1924 the defendant, Eva L. Pease, commenced an action in the District Court of Adams county against this plaintiff for the specific performance of said contract for deed heretofore cancelled by mutual consent. . . ."

"The Plaintiff further alleges and shows to this court that the Defendant, Eva L. Pease, during the month of February, 1928 sold and conveyed the above described lands to another party, to-wit: one Herman Thorson, which deed has been placed on record in the office of the Register of Deeds of Adams County, North Dakota, and said Herman Thorson was immediately let into the possession of said de-

scribed lands and has been in the uninterrupted possession of the same since February, 1928."

"The plaintiff further alleges and shows to the court that he has had no interest in said land pursuant to said cancellation heretofore mentioned since the late fall of 1922 or the early winter of 1923, and does not claim any interest whatsoever in said land."

"That said judgment above mentioned and described was awarded to the Defendant, Eva L. Pease, without any consideration whatsoever to this Plaintiff, and constitutes an involuntary payment on the part of the Plaintiff herein."

The prayer for judgment is as follows:

"Wherefore: The Plaintiff demands judgment against the Defendants that the said mutual cancellation made in the late fall of 1922 or early winter of 1923 be confirmed and adjudged to be a mutual cancellation of said contract for deed; that in the event that said mutual cancellation of said contract for deed is deemed insufficient, that said contract for deed be adjudged to be fully rescinded and cancelled of record, and that the judgment entered against this Plaintiff on the 25th day of June, 1925 be vacated and set aside and that the Plaintiff have his costs and the disbursements of this action."

At the commencement of the trial Dennis' attorney outlined his theory of the case in these words:

"This action, Your Honor, is brought to confirm a prior cancellation of a contract for deed by mutual consent between the parties; that the court cancel the contract for deed, and the plaintiff asks for the restoration of the money in effect paid by him to the vendor in the contract for deed, consisting largely in the form of a judgment that the plaintiff secured against this defendant some three or four years before."

The trial court concluded that the plaintiff had failed to establish a cause of action and made findings of fact, conclusions of law and order for judgment in favor of the defendant, Eva L. Pease. Judgment was entered accordingly and the plaintiff Dennis has appealed. The trial court prepared an extended memorandum decision disclosing a careful and painstaking consideration of the evidence and of the legal propositions involved. The trial court held that the judgment rendered in the action instituted in 1924, wherein it was held that

the contract was then a valid and existing obligation in full force and effect, precluded the plaintiff from asserting in this case that that contract had been cancelled by mutual consent of the parties in the fall of 1922 or the early winter of 1923.

This ruling is so clearly correct as to require no elaborate consideration. The judgment-roll in that case discloses that the cause of action there involved was predicated upon the proposition that the contract between the parties was in full force and effect and that the plaintiff therein (Eva L. Pease) was entitled to enforcement of its provisions. It is undisputed that the court had jurisdiction both of the parties and of the subject-matter; and the record discloses beyond controversy that the court, after due trial, determined that the contract was in full force and effect up to and including the year 1924. It is, we think, too clear for controversy that the judgment rendered in that case precludes the plaintiff here from now asserting that the contract then adjudged to be in full force and effect had, as a matter of fact, been cancelled or rescinded by mutual consent of the parties some two years before. It is elementary that "an existing final judgment or decree rendered upon the merits, and without fraud or collusion, by a court of competent jurisdiction, upon a matter within its jurisdiction, is conclusive of the rights of the parties or their privies, in all other actions or suits in the same or any other judicial tribunal of concurrent jurisdiction, on the points and matters in issue in the first suit." 15 R. C. L. pp. 950, 951; 34 C. J. p. 902; Kallberg v. Newberry, 43 N. D. 521, 170 N. W. 113; John Miller Co. v. Harvey Mercantile Co. 45 N. D. 503, 178 N. W. 802.

We are wholly agreed that the contract must be deemed to have been in full force and effect up to and including the year 1924, and that plaintiff's contention that the contract was cancelled in the fall of 1922 or the early winter of 1923 is untenable.

It is next contended by the plaintiff that the defendant Eva L. Pease effected a rescission of the contract when she sold and conveyed the land to Thorson in February, 1928; that he (Dennis) became entitled to a return of anything he might have paid upon the contract, and it is asserted that the judgment in this case stands in the same position as a payment. In our opinion the contention thus stated is not well founded. It is undisputed that at the time of the trial of the action

instituted in 1924 Eva L. Pease actually brought into court and there was tendered to Nathan E. Dennis therein a warranty deed for the premises. It is also undisputed that since that time he has persistently and consistently failed and refused to comply with the terms of the contract and insisted that so far as he was concerned he would have nothing further to do with the transaction. It will be noted that in the complaint in this action he asserts that he has had no interest in the land since 1923 and claims no interest therein. It does not appear from the evidence adduced in this case that the plaintiff may not have a conveyance in fee simple of the land upon payment of the amount due under the contract. On the contrary the record indicates rather clearly that he may have such conveyance upon such compliance. The plaintiff himself testified that the purchaser Thorson came to see him (Dennis) and sought to obtain from him a quit-claim deed to the property. It does not definitely appear when this occurred, but it is fairly inferable from the record that Thorson purchased the land with knowledge of Dennis' contract. But even though it be assumed that after the rendition of the judgment in the action instituted in 1924 Eva L. Pease accepted the condition which had been created by the plaintiff Dennis by reason of his refusal to comply with the contract and his declared abandonment of the land and re-possessed herself of the land as owner and conveyed it to Thorson with the understanding that Dennis had abandoned the contract and had no further interest in the land he still has failed to establish a cause of action here. Upon the record presented here it is definitely and conclusively established that the contract between the parties was in full force and effect up to and including the year 1924. The evidence discloses without dispute that during the years 1923 to 1927, inclusive, the plaintiff failed to comply with any of the provisions of the contract and according to his own testimony he formed an intention to abandon the contract and the land described therein in the fall of 1922 or the early winter of 1923 and has persisted in such intention from that time on. When the defendant, Eva L. Pease, sold the land to Thorson in December, 1927, she did not profit at the expense of the plaintiff Dennis. She received from Thorson not the purchase price stipulated in the contract between Dennis and Pease but the sum of $2,000 only. It is the claim of the attorneys for Eva L. Pease that Thorson bought

the land with full knowledge and notice of the contract between Dennis and Pease and that in making the sale the defendant Pease in effect recognized the judgment as part payment and that Thorson merely paid what was substantially the balance remaining unpaid upon the purchase price remaining unpaid between Dennis and Pease. The plaintiff Dennis adduced evidence tending to show that the land had decreased in value since he purchased the same in 1921 and that in 1927 it was worth not to exceed $2,000. In the circumstances, it is clear that even though the plaintiff paid the judgment rendered against him in the action instituted in 1924, Eva L. Pease would receive a sum considerably less than that which plaintiff had agreed to pay under the contract. This is not a case where a vendor, in derogation of the contract rights of the vendee, seeks to forfeit a contract, retain payments or advantages obtained under the contract and at the same time refuses to recognize the correlative rights of the vendee.

We think that in the circumstances disclosed in this case the defendant Pease might accept the situation created by the deliberate abandonment by Dennis of the contract and yet insist upon enforcing her rights under the contract and subject Dennis to damages for the injuries sustained by her by reason of his deliberate breach of his contract. This precise question was determined by this court in Harrington v. Eggen, 51 N. D. 87, 199 N. W. 447. In that case, as here, it was contended by the vendee in an executory contract for the sale of land that the vendor by sale and conveyance of the premises to another had effected a rescission of the contract and thus entitled the vendee to a return of whatever payments he had made. This court held that the vendee was not entitled to recover such payments. In reaching that conclusion this court said in part:

"The principal contention of the appellant is that, inasmuch as the defendants have sold the land, they must be regarded as having acted upon the plaintiff's breach by exercising their option to rescind the contract, and, in that event, to have elected to place the plaintiff in the same position he would have occupied if the contract had been rescinded by mutual assent. From this there would arise the obligation to refund the money paid. It will be seen that this contention is grounded upon the proposition that the sale of the property to third parties necessarily implies assent to the rescission of the uncancelled contract.

Stated in other words, the sale of the property precludes the vendor from asserting rights under the contract previously broken by the vendee and authorizes the latter, though in default, to treat the contract as rescinded and to recover whatever benefit had been previously conferred upon the vendor. Such a proposition negatives the legal possibility of the resale being regarded as an equivocal act.

"The vendor, in fact, reasonably might have acted upon the purchaser's repudiation of the contract, retained the property as his own and sold it as such, intending to hold the first purchaser to the consequences of his breach of the contract by charging him with the difference between the contract price of the property and the value at the time of the breach. This was his clear legal right, and it is difficult to see how its exercise in good faith can be made the basis of an affirmative action against the injured party simply on account of the fact of his having sold as his own property which he had retained as such. On the other hand, following the mere failure of the vendee to make a payment under the contract, the vendor might have made the resale to defeat the equity of the vendee in the property. In this event the resale might properly be taken to authorize a rescission of the contract and a recovery of the consideration previously paid in an action subject to the control of equitable principles. But it is manifest that to permit rescission where the resale was made in the circumstances first stated would be contrary to the real intention of the injured party and would superimpose a remedy which is not required to effect justice. Indeed, it would permit one who has broken his contract to reap advantages to which he is not justly entitled, while imposing upon the injured party a restraint in dealing with his own property to his own advantage. We are of the opinion that a resale by the vendor does not necessarily entitle the defaulting vendee to rescind and recover the payments made. . . .

"It would seem to be elementary that where such a contract has been abandoned by a purchaser, after having made certain payments, his right to recover any portion of the price paid is necessarily controlled by equitable principles which would preclude a recovery in a situation where the vendor has sustained a loss in excess of payments made. In these circumstances the vendor would not be unjustly enriched to the extent of the payments made. In this case the findings

are to the effect that the contract was abandoned by the plaintiff before the property was resold by the vendor. Also, that through the plaintiff's breach of the contract and failure to perform it, the defendants sustained a loss in excess of the payments previously made. Inasmuch as the evidence is not before us for review, these findings must be deemed to be supported." (Harrington v. Eggen, 51 N. D. pp. 94, 95–98, 199 N. W. 447.)

This language and reasoning is directly applicable to the situation here.

Appellant places great reliance upon the decision of the Supreme Court of Minnesota in Warren v. Ward, 91 Minn. 254, 97 N. W. 886, and asserts that under the rule there announced he is entitled to a cancellation of the judgment obtained against him by Eva L. Pease. The decision of the Supreme Court of Minnesota, although not binding upon this court, is entitled to a respectful consideration as the pronouncement of a most eminent and learned tribunal. In our opinion the facts in Warren v. Ward, supra, are so different from the facts involved in this case that the rule there announced would not render that decision binding upon the courts of Minnesota, under the rule of stare decisis, if this case were presented to such courts for determination. For, "the positive authority of a decision is co-extensive with the facts only on which it is made." Ogden v. Saunders, 12 Wheat. 333, 6 L. ed. 647. See also 15 C. J. p. 939, § 329. In Warren v. Ward, the vendee, under an executory contract for the sale of land, had paid to the vendor one-half of the purchase price and also interest on the deferred payments. The contract involved in that case provided that in case of failure of the purchaser to make payment of principal or interest "the whole portion became due and the vendor might at her option, declare a forfeiture; which should be sufficient to cancel all obligations entered into between the parties, and re-invest her with title to the property, and the right to re-enter and take possession of the premises." 91 Minn. 254, 97 N. W. 886. Upon the vendee having made default in some of the deferred payments the vendor brought action and recovered a money judgment for the unpaid deferred payments. After such judgment had been obtained and docketed the vendor brought suit "to enforce the forfeiture in the purchase contract and to recover the property, under the stringent provisions therein authorizing that

remedy." 91 Minn. 254, 97 N. W. 886. The complaint in the latter suit set forth "the right of the plaintiff therein to the relief prayed for, resting wholly upon an enforcement of her rights under the forfeiture clause." 91 Minn. 254, 97 N. W. 886. Judgment was entered for the plaintiff in accordance with the prayer of the complaint: the contract was annulled and possession of the premises awarded to the vendor and she entered into such possession. The Minnesota court held that in these circumstances the vendee was entitled to a satisfaction and discharge of the judgment which had been entered against him for the unpaid deferred payments. In its opinion the court epitomized the case in the following words:

"It seems palpably inequitable and unjust that the vendor could have her land, what had been paid upon it, and likewise enforce further payments, since it was provided in the contract itself that all further obligations be cancelled." 91 Minn. 254, 97 N. W. 887.

It will be noted that in Warren v. Ward, supra, the vendor availed herself of the right of forfeiture under a contract which stated that forfeiture should "cancel all obligations entered into between the parties." By means of the remedy so provided for in the contract she caused the contract to be cancelled and obtained possession of the land free and clear of all rights and interests of the vendee, and became discharged of all obligations on her part toward the vendee. In that case, as the court aptly points out, the vendor sought to unjustly enrich herself at the expense of the vendee. She was not satisfied with obtaining and retaining one-half of the agreed purchase price and in addition thereto the property itself, but she further sought to enforce payment of the deferred payments stipulated in the contract. In our opinion the decision rendered in that case is not at all inconsistent with the rule announced by this court in Harrington v. Eggen, supra. On the contrary, it recognizes the principle there announced, that the right of the vendee to recover payments made under the contract is controlled by equitable principles.

The judgment appealed from is clearly right. It must be and is affirmed.

BIRDZELL, NUESSLE, BURR and BURKE, JJ., concur.