## DES MOINES JOINT STOCK LAND BANK v.
## J. B. WYFFELS, SR.[1]

March 11, 1932.

No. 28,807.

*Johnson & Hoel* and *Allen & Whitfield,* for appellant.
*J. V. Williams,* for respondent.

LORING, J.

This is an appeal from an order of the district court satisfying and discharging of record a judgment recovered by the plaintiff against the defendant for an unpaid instalment on a contract for deed wherein the plaintiff was the vendor and the defendant the vendee.

September 20, 1929, defendant contracted to purchase a farm from the appellant at the agreed price of $17,600; $500 in cash, $2,000 on March 1, 1930, the balance payable in instalments over a period of years. The defendant defaulted in the payment of the $2,000 instalment and in the interest which was due September 1, 1930. The judgment here involved was for $2,532.48, which was recovered by the plaintiff for the defaulted instalment and interest. Defendant again defaulted on the instalment next thereafter due,

[1]Reported in 241 N. W. 592.

and the plaintiff canceled the contract according to its terms by serving the proper notice of cancelation. This cancelation was predicated upon the default accruing on March 1, 1931, and not upon the instalment and interest included in the judgment.

The sole question presented by this appeal is whether or not the subsequent cancelation of the contract for deed entitles the defendant to the order satisfying and discharging the judgment of record.

It is fundamental that unpaid instalments cannot be collected by the vendor after the cancelation of the contract. 30 A. L. R. 631. Does that rule apply to uncollected judgments for instalments due previously to and not forming a basis for the cancelation? The trial court relied upon the case of Warren v. Ward, 91 Minn. 254, 97 N. W. 886, 887, in granting the defendant the relief which he sought. In so doing we are of the opinion that the court was right.

It is the contention of the plaintiff that the entry of judgment amounted to the creation of a new obligation, separate and distinct from the original agreement by the defendant in the contract for deed to pay the instalment which was the basis of the judgment. Plaintiff cites the case of Andresen v. Simon, 171 Minn. 168, 213 N. W. 563, where a note, secured by a mortgage on other property, was given in lieu of a cash down payment on a contract for deed. It was there held that the giving of this note and mortgage was the result of an independent transaction, having no connection with the manner of making the deferred payments, and consequently the court allowed a recovery. That is quite a different situation from the one now before us, which in our opinion is controlled by the case of Warren v. Ward, 91 Minn. 254, 97 N. W. 886. In the latter case a judgment was recovered for an unpaid instalment, and later the contract for deed was canceled by the vendor. The judgment debtors sought to have the judgment satisfied and discharged of record, and this court granted the relief sought, saying in part [91 Minn. 258]:

"The judgment was but evidence of an indebtedness which, in justice, should be inoperative and of no avail by reason of the action to recover the land, and the result·thereby secured."

Warren v. Ward, 91 Minn. 254, 97 N. W. 886, has been cited with approval in many subsequent cases, although the precise question here involved has not been presented to this court since that case. The same facts were before the supreme court of Oregon, which held to the rule later announced by this court. Ward v. Warren, 44 Or. 102, 74 P. 482, 483. The same rule has been recognized in Ontario. Gibbons v. Cozens, 29 Ont. 356.

We see no distinction between the case at bar and the case of Warren v. Ward, 91 Minn. 254, 97 N. W. 886; and the fact that the notice of cancelation was not based upon the instalment covered by the judgment, in our opinion, makes no difference. If the judgment was not collected it cannot be enforced after the cancelation. This court is committed by Warren v. Ward, 91 Minn. 254, 97 N. W. 886, to the rule that it will look through the judgment to the nature of the obligation on which it was recovered; and, if the instalment sued upon would be uncollectible after the cancelation, the judgment will be discharged and satisfied. As said in the Oregon case [44 Or. 105]:

"Neither is the fact that the deferred payments are evidenced by a judgment of any consequence. A judgment is conclusive as to all defenses arising prior to its rendition, for the reason that they either were or might have been litigated in the original case (Black, Judgts. § 970), but it does not conclude a defense which did not exist at the time. Thus, the failure of a vendor's title is a good defense to an action brought to enforce payment of a judgment obtained upon notes given in part payment of the first instalment of the purchase money on a contract to convey land, when the failure occurred after the date of the judgment; Burwell v. Jackson, 9 N. Y. 535. In the case at bar, likewise, the rescission of the contract and the reëntry of the defendant into possession of the property occurred after the rendition of the judgment, and may be pleaded as a defense to an action thereon."

The order appealed from is affirmed.