NOVUS EQUITIES CORP., Respondent,

v.

EM–TY PARTNERSHIP, etc., et al., Appellants.

No. C7–84–1915.

Court of Appeals of Minnesota.

May 7, 1985.

Review Granted June 27, 1985.

David L. Graven, Larry M. Wertheim, Minneapolis, Gary J. Meyer, Robbinsdale, for appellants.

George G. Eck, Minneapolis, for respondent.

Heard, considered and decided by FORSBERG, P.J., and LANSING, and PARKER, JJ.

## OPINION

PARKER, Judge.

The vendor under a cancelled contract for deed appeals from a partial summary judgment determining that the vendee is not liable after cancellation on a promissory note and accompanying letter of credit given at closing. Although the vendee has additional claims arising from the same facts, the trial court ordered entry of partial summary judgment on the issue of liability on the note. We reverse.

## FACTS

Respondent Novus Equities Corp. purchased a motel and restaurant called the Twin Motor Inn in St. Paul by contract for deed dated August 1, 1983, from appellant EM–TY Partnership. The purchase price of $2,400,000 was payable as follows:

1. $200,000.00 cash and a Purchase Money Promissory Note for $200,000.00, receipt of both of which is hereby acknowledged;

2. The unpaid balance of the Purchase Price, in the amount of $2,000,000, together with interest at the rate of 10% per annum on the unpaid principal amount thereof from time to time outstanding * * *.

The balance of the purchase price was to be paid in monthly installments, with a final balloon payment due in ten years.

The promissory note, due on August 11, 1984 (one year after closing), was secured primarily by a $200,000 irrevocable letter of credit issued by LaGrange Bank & Trust Co. Although by its terms the letter of credit expired on August 11, 1984, it has been extended until resolution of this litigation. An addendum executed simultaneously with the contract for deed specified that the vendor's recourse for nonpayment

of the note would be to draw on the letter of credit. Recourse under the contract for deed was provided only in the event that the bank defaulted on the letter of credit.

Novus became delinquent on the monthly installment payments after having paid $87,500, in addition to the $200,000 cash paid at closing and the promissory note. Based on the default, EM–TY elected to cancel. The time for reinstatement expired, and the contract for deed was terminated.

After cancellation, EM–TY informed Novus that it intended to collect on the $200,000 promissory note. Novus sought declaratory relief, claiming it had no liability on the note after cancellation. The trial court granted partial summary judgment for Novus, determining that the note and accompanying letter of credit were not part of the downpayment but instead represented security for an unpaid installment, which is uncollectible by the vendor after cancellation.

### ISSUE

1. Does Novus' obligation on its promissory note survive cancellation of the contract for deed?

### ANALYSIS

■ Minnesota law is clear that when the vendee defaults under a contract for deed for the purchase of real estate, the vendor may either sue on the contract or cancel it. *Wayzata Enterprises, Inc. v. Herman,* 268 Minn. 117, 119, 128 N.W.2d 156, 158 (1964). Although payments already made by the vendee under a contract for deed are forfeited upon cancellation, *see Andresen v. Simon,* 171 Minn. 168, 172, 213 N.W. 563, 564–65 (1927), a vendor who chooses to cancel may not thereafter recover payments arising out of the contract, *Wayzata Enterprises,* 268 Minn. at 119, 128 N.W.2d at 158. EM–TY cancelled based on Novus' default under the contract for deed and seeks to collect on a promissory note due after cancellation. Novus' liability on the note, therefore, depends on whether the note was actually part of the downpayment given at closing or whether

it represented an installment due one year in the future.

■ The taking of a promissory note does not itself constitute present payment. *See, e.g., Don Kral, Inc. v. Lindstrom,* 286 Minn. 37, 173 N.W.2d 921 (1970). In *Andresen v. Simon,* however, the Minnesota Supreme Court determined that a note given at closing was part of the downpayment and survived cancellation of the contract. *Andresen* involved a contract for deed that expressly specified a $5,000 cash downpayment. The vendees, unable to come up with cash, substituted a note payable in 15 days. When they were unable to pay this note, they executed a note for the same amount payable in three years. The vendees eventually defaulted on monthly installment payments, and the vendor cancelled the contract. The court determined that the promissory note was given and accepted in lieu of a cash downpayment and therefore survived cancellation of the contract, saying, "[m]oney paid or property transferred by the vendee to the vendor is forfeited if the vendee defaults in the performance of the contract and the vendor exercises his right of cancellation." *Id.* at 172, 213 N.W. at 564–65.

■ To determine whether the $200,000 represented by the note was "transferred" by Novus to EM–TY within the meaning of *Andresen,* we must first examine the recourse provided the vendor in case of default. The note was secured by an irrevocable letter of credit in the amount of $200,000. The addendum to the contract expressly states:

> Sellers' recourse for payment of the amount due under the Purchase Money Note shall be to draw upon the Letter of Credit. Sellers shall have no rights under this Contract in the event of default in payment under the Purchase Money Note which results in payment under the Letter of Credit.

Under the contract, therefore, the vendor's primary recourse for default was to draw on the irrevocable letter of credit issued by the bank. A note secured in this manner is tantamount to cash and there-

fore falls within the *Andresen* rule. As the *Andresen* court reasoned, "if [the vendees] had transferred the note of a third party to [the vendor], it could hardly be successfully maintained that it could not be enforced or would have to be returned after the cancellation of the contract became effective." *Andresen*, 171 Minn. at 171–72, 213 N.W. at 564. A note with recourse directed to an irrevocable bank letter of credit similarly remains effective after cancellation.

Were recourse under this contract limited to the bank, our inquiry could end. However, the addendum to the contract for deed provides secondary recourse to the contract, specifying that "[i]n the event that the bank defaults under its letter of credit, Sellers shall be entitled to recourse under this Contract for Deed." This secondary recourse, however, does not render the note an unenforceable future contract payment. The *Andresen* court addressed a similar argument:

> We have not overlooked the argument that, if the note were not paid at the end of three years, the vendor could have canceled the contract on the ground that a payment required by its terms had not been made. Possibly that may be true but, even so, it cannot be held that the right to resort to that remedy * * * conclusively shows that the note was taken for a deferred payment instead of in lieu of the initial or down payment.

*Andresen*, 171 Minn. at 172, 213 N.W. at 564. Continued enforceability of this note is even more appropriate than the hypothetical note of a third party discussed in *Andresen*. Here the default leading to recourse under the contract is that of a separate party (the bank), rather than the vendee; the obligation defaulted upon is the letter of credit itself, rather than the note issued under the contract.

Enforceability of the note is further supported by the structure and language of the contract's payment clause. Paragraph one of the section detailing the financial terms aggregates the $200,000 cash portion of the downpayment and the $200,000 promissory note (together equaling roughly 20 percent of the purchase price). Para-

graph two of that section specifies payment of the "unpaid balance of the Purchase Price." The promissory note must therefore be either a downpayment or part of the unpaid balance; no other classification has been suggested to us. We conclude that the promissory note and the cash specified in paragraph one must, by definition, be paid down on the total purchase price. The same paragraph acknowledges *receipt* of those sums. The sum specified in paragraph two constitutes the "unpaid balance," which is not collectible after cancellation.

Finally, enforceability of Novus' note, here viewed as virtually tantamount to cash, comports with the long-standing policy favoring alienability of land. To decide otherwise would penalize both vendors who are willing to accept secured obligations instead of cash and vendees who have no immediate access to cash but who can guarantee its availability in the future.

### DECISION

The trial court's partial summary judgment determining that EM–TY Partnership has no right to collect from Novus Equities, Inc., under its promissory note or the accompanying letter of credit is reversed. Because of our disposition on the merits, we do not address EM–TY's alternative argument that entry of partial summary judgment under Minn.R.Civ.P. 54.02 caused substantial prejudice.

Reversed.