**Charles NEUMAN, et al., Appellants,**

v.

**Alan DEMMER, et al., Respondents.**

**No. C8-87-674.**

Court of Appeals of Minnesota.

Oct. 27, 1987.

Review Denied Jan. 15, 1988.

Kenneth R. Moen, Dunlap, Keith, Finseth, et al., Rochester, for appellants.

Karl L. Cambronne, Chestnut and Brooks, P.A., Minneapolis, for respondents.

Heard, considered and decided by NORTON, P.J., and MULALLY and LOMMEN, JJ.[*]

## OPINION

NORTON, Judge.

This is an appeal from a judgment filed January 12, 1987, in which the trial court ruled that a promissory note did not survive the cancellation of a contract for deed. Both parties had previously brought summary judgment motions, which were denied on the grounds that a material fact was in issue: whether the parties intended the note to substitute as cash and as a present payment or whether the note represented a promise of future payment. After a trial on stipulated facts, the court ruled that *Novus Equities Corp. v. EM–TY Partnership*, 381 N.W.2d 426 (Minn.1986), decided subsequent to the court's denial of the motions, controlled the disposition. We affirm.

## FACTS

The stipulated facts were read into the record in relevant part, as follows:

1. On December 4, 1980, the plaintiffs and defendants entered into the attached contract for deed, Exhibit 1. A & R Farms is a farm partnership in Dodge County, and the partners are Randy Demmer and Alan Demmer.

2. The [cash] down payment of $40,000 was made and received. * * *

* * *

12. * * * A new note was executed on [June 1, 1984] * * * in the amount of a $40,000 demand note at the then-current money market rate of 10.87 percent. * * * The principal amount due on the note was adjusted to indicate a previous $2,500 payment, and the interest rate was adjusted. The contract for deed remained unmodified.

13. Subsequent payments due on the contract for deed were not received, and defendants were cancelled out of their contract. * * * The default was not cured, and therefore the contract for deed was cancelled.

14. After cancelling the contract for deed, plaintiffs served defendants with a summons and complaint in order to collect payment for the promissory note executed for various unpaid partial installments under the cancelled contract for deed.

In light of the *Novus* decision, the trial court rephrased the issue it had previously articulated, as "whether a promissory note intended as a present payment of an installment survives the cancellation of a contract for deed." At issue was the $40,000 note described in paragraph 12 of the stipulation. The court ruled that under *Novus*, a promissory note intended as a *downpayment* survives the cancellation of a contract for deed, but a note not intended as a downpayment loses its validity upon cancellation. Additionally, the trial court stated that under *Novus*, the parties' intent that the payment is a downpayment must be clear. Underlying the ruling of *Novus*, the court said, is the rationale that cancelling a contract is a drastic remedy—the vendee loses the payments she has already made, and also loses the land. Hence the justification for the rule, that it is unjust to allow the vendor to take back her land, what has been paid for it, and at the same time enforce further payments. Further, the court stated, *Novus* held that a promissory note is presumed not to be a downpayment, and that the burden of proving a downpayment is on the vendor.

[*] Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

The final paragraph of the trial court's memorandum states:

> The conclusion this Court must reach in the present case is, in light of the *Novus* decision, resoundingly clear. Neither party disputes that the promissory note was intended to satisfy a series of installment payments. The down payment of $40,000 was made entirely in cash. Whether the promissory note was intended as present payment or as a promise of future payment is in this instance irrelevant. In either case, the note covered an installment payment which, whether not yet due or past due, does not survive the contract's cancellation. Judgment is therefore entered for defendant.

### ISSUE

Does a promissory note given by a vendee for installments under a contract for deed survive cancellation of the contract?

### ANALYSIS

■ Appellants argue that the note was "property" transferred to the vendor prior to the cancellation; as such, the note is valid. As authority, appellants quote *Andresen v. Simon*, 171 Minn. 168, 213 N.W. 563 (1927):

> Money paid or property transferred by the vendee to the vendor is forfeited if the vendee defaults in the performance of the contract and the vendor exercises his right of cancelation.

*Id.* at 172, 213 N.W. at 564–65. Thus, appellants argue, the vendor is entitled to retain *any* cash or property transferred in lieu of cash, in payment of the contract prior to its cancellation.

Applying these principles, appellants argue, the issue is whether the note was property transferred in lieu of cash, or whether it was meant to reflect a deferment of unpaid installments which the parties did not intend to survive the cancellation. This is the same analysis the trial court followed when it originally characterized the legal issue, before *Novus* was decided. Appellants argue the trial court misconstrued *Novus* and state that:

> The critical distinction in *Novus* is not between downpayments and installment payments, but rather between promissory notes intended to be property transferred in lieu of cash and promissory notes intended to be simple deferrals of installments due under the contract.

According to appellants, *Novus* is not limited to downpayments but extends to any situation where a note may be viewed as a present payment.

Appellants claim the notes here were present payment because they were demand instruments, had interest rates different from the contract, and were separate legal obligations; some of the notes were drawn in specific amounts so the vendor could meet certain expenses. Additionally, appellants claim, the record shows no evidence that the vendors requested deferral of installments; instead, the evidence is consistent with the conclusion that the parties viewed the notes as payments to satisfy funds already due under the contract.

Respondents' argument parallels the trial court's decision. They argue it is undisputed that the note covered installments; the downpayment referenced earlier in the contract for deed was paid entirely in cash. *Novus* considered the issue "When does a promissory note given by a vendee as part of the *purchase price* survive cancellation of the contract for deed?" *Novus*, 381 N.W.2d at 428 (emphasis added). The supreme court found the crucial question in *Novus* was whether the note was intended as a *downpayment*. *Id.* at 429. A note intended as a downpayment survives the cancellation. *Id.* One that covers installments does not. *Id.* Under *Novus*, a promissory note is presumed not to be a downpayment and the burden of proving otherwise is on the vendor. *Id.* at 430.

Contrary to counter appellants' view that the vendor keeps *any* property transferred prior to cancellation, *Novus* held:

> [T]his Court has sought to protect the vendee by not only prohibiting the vendor from collecting deferred, not-yet-due installments, *but also from collecting*

*past due installments even if reduced to judgment, or if covered by a promissory note.*

*Id.* at 429 (emphasis added) (citations and footnote omitted). *Novus* is consistent with *Andresen* because the note in *Andresen* was given in lieu of the downpayment. *See Andresen,* 171 Minn. at 169–70, 213 N.W. at 564. Furthermore, the *Andresen* court stated that where a contract was terminated, the vendor can no longer recover any portion of the unpaid balance of the purchase price. *Id.* at 170, 213 N.W. at 564.

Forfeiture rules of Minnesota contracts for deed are harsh enough, without allowing vendors to keep the land and collect unpaid installments as well. *See Warren v. Ward,* 91 Minn. 254, 258, 97 N.W. 886, 887 (1904) ("[O]ne cannot have the specific performance of the contract and its rescission. This is but the application of the very hackneyed truism that 'one cannot have his cake and eat it' "). Minnesota courts have consistently held that if the installment payments have not been collected when the contract is cancelled, the vendor loses the right to collect them. *E.g., Des Moines Joint Stock Land Bank v. Wyffles,* 185 Minn. 476, 477–78, 241 N.W. 592, 593 (1932) (court upheld discharge of a vendor's judgment for installment payments that were obtained prior to cancellation).

Other cases have also applied this rule. *Wayzata Enterprises, Inc. v. Herman,* 268 Minn. 117, 119–121, 128 N.W.2d 156, 158–59 (1964) (stopped check for unpaid periodic installment not collectible upon statutory cancellation); *Moorhead Investment Co. v. Carlson,* 177 Minn. 174, 176, 224 N.W. 842, 843 (1929) (cancellation · extinguishes vendee's obligation under note given for delinquent installment payment under contract for deed); *Warren* 91 Minn. at 257–58, 97 N.W. at 887 (judgment for delinquent installment payments vacated when contract for deed terminated).

■ When a vendee defaults under a contract for deed the vendor has a choice of remedies. The vendor may sue on the contract for the balance of the purchase price or cancel the contract, recover the land and forego recovery of the balance. Appellants chose their remedy when they cancelled the contract. They cannot recover the land, retain all monies paid, and collect additional installments due under the contract.

*Novus* controls this case. A note for installments due under a contract for deed is uncollectible after the contract has been cancelled.

### DECISION

The promissory note for unpaid installments is uncollectible because the contract for deed has already been cancelled.

Affirmed.