## FRED G. SMITH AND ANOTHER v. CARL E. DRISTIG AND ANOTHER.[1]

March 15, 1929.

No. 27,221.

[1]Reported in 224 N. W. 157.

*R. E. Plankerton,* for appellants.

*H. V. Harn,* for respondents.

DIBELL, J.

This action is brought by Fred G. Smith and Paul L. Brown to recover the sum of $440 claimed to be owing by the defendants on a purchase of property from them on instalments. There was an amended complaint, the defendants demurred, the demurrer was overruled, a certificate of doubt and importance was entered, and the defendants appeal.

On June 30, 1925, one Nimmer and wife sold and agreed to convey to the defendants a lot in Minneapolis. On July 31, 1925, the Nimmers conveyed their right in the land to the plaintiffs. The purchase price in the contract between the Nimmers and the defendants was $5,700. Two hundred dollars was paid down. There was to be paid $40 on July 10, 1925, and a like sum on the tenth day of each succeeding month until the balance was reduced to $2,500, the amount of a mortgage upon the land. The defendants defaulted in December, 1926, and remained in default. The contract was terminated by notice pursuant to G. S. 1923, § 9576, as it was provided in the contract it might be, and the termination became effective on November 15, 1927. The defendants then were in default for eleven months, a total of $440. The action is brought to recover that sum; and one claim of the plaintiffs is that they can recover unpaid instalments though the contract is terminated.

In a contract of this nature the vendor holds the legal title as security and the vendee has the equitable title. The transaction results in an equitable mortgage. The method provided by the statute for eliminating the rights of the vendee has been likened unto a strict foreclosure. The remedy is drastic. Within 30 days after notice the equitable owner is deprived of his property. There is no sale. There is no right of redemption after the 30 days. The effect of a statutory termination on the payments due is hardly to

be questioned. The legal title is in the vendor discharged of all equitable claim of the vendee; and the vendor has no legal claim for unpaid instalments. Warren v. Ward, 91 Minn. 254, 97 N. W. 886; Olson v. N. P. Ry. Co. 126 Minn. 229, 148 N. W. 67, L. R. A. 1915F, 962; Needles v. Keys, 149 Minn. 477, 184 N. W. 33; Andresen v. Simon, 171 Minn. 168, 213 N. W 563. We hold that a vendor who terminates or forfeits the right of the vendee in the land by proceedings under G. S. 1923, § 9576, cannot recover instalments unpaid under the contract of sale. .

■ The contract provided:

"In case of the termination of this contract because of any default on the part of the second party, the first party shall have and retain and there shall be forfeited to him, as and for liquidated damages because of the violation of this contract by the second party, the sum paid down at the time of the execution hereof and in addition thereto the sum of $40 for each month thereafter, as well as all other sums paid by second party, and all betterments made to premises, until such termination of this contract, and the surrender of possession of said premises to said first party, in full satisfaction and liquidation of all damages by him sustained."

It is the contention of the plaintiffs that under this clause they are entitled to recover $40 per month for the 11 months as liquidated damages. We are not to be understood as conceding that a contract between the vendor and vendee can give the vendor the right to recover, after the termination of the contract under the statute, by calling the amounts agreed to be paid liquidated damages. If such an agreement is effective, the portion of the agreement quoted does not help the vendor. It does not give what he claims. It was intended to prevent the vendee claiming moneys which he had paid under the contract—not to enable the vendor to recover unpaid instalments. And again it should be noted that we in no way suggest that by a provision in a contract of sale, terminated under G. S. 1923, § 9576, the right to recover unpaid instalments may be retained.

The plaintiffs cannot recover upon either of their claims.

Order reversed.