# WAYZATA ENTERPRISES, INC. v. DAVID HERMAN AND OTHERS.

128 N. W. (2d) 156.

April 24, 1964—No. 39,212.

*Gray & Gray,* for appellant.
*Brill & Brill,* for respondents.

KNUTSON, CHIEF JUSTICE.

This is an appeal from an order denying plaintiff's motion for a new trial.

The facts are not in dispute. On October 1, 1959, plaintiff, as vendor, and defendants, as vendees, entered into a contract for the purchase of certain real property in the city of Minneapolis, the description of which is unimportant. Defendants agreed to pay $70,000 for the property, of which $5,000 was paid in cash, and they agreed to pay the balance at the rate of $500 per month the first year and $600 per month thereafter. On December 19, 1960, defendants were in default on the contract in the sum of $2,537.30. Plaintiff thereupon served notice of cancellation of the contract under Minn. St. 559.21. Within the 30-day period allowed by law, defendants issued and delivered to plaintiff their check for $3,137.30, dated January 13, 1961, which amount would cover the default and the current payment then due. Before the check was presented to the bank, defendants stopped payment, and plaintiff thereupon brought suit on the check.

The trial court held that plaintiff had served notice of cancellation of the contract and that, inasmuch as the check was not paid, the cancellation was effective and plaintiff could not thereafter recover the payments due on the contract. The only question involved in this case is what effect stopping payment of the check had on plaintiff's right to recover thereon.

■ The law in this state is clear that when there is a default in the performance of a contract for deed for the purchase of real estate the vendor has his option of suing on the contract or canceling the same. If he chooses to cancel the contract, he cannot thereafter recover the payments arising out of the contract. When notice of cancellation is served pursuant to § 559.21, the vendee has his option within the 30-day period provided by statute to make good the default or to permit the cancellation to become effective.

The pertinent portion of § 559.21 reads:

"When default is made in the conditions of any contract for the conveyance of real estate or any interest therein, whereby the vendor has a right to terminate the same, he may do so by serving upon the purchaser * * * a notice * * * stating that such contract will terminate 30 days after the service of such notice unless prior thereto the purchaser shall comply with such conditions * * *.

* * * * *

"If, within the time mentioned, the person served complies with such conditions * * * the contract shall be thereby reinstated; but otherwise shall terminate."

We have frequently held that when a vendor cancels the contract under this statute he may not collect unpaid installments due on the contract.[1] We have also held that when the vendor takes title back from the vendee he may not recover on a promissory note executed for the balance of the purchase price.[2] He may not recover on a judgment

---

[1]See, Andresen v. Simon, 171 Minn. 168, 213 N. W. 563; Smith v. Dristig, 176 Minn. 601, 224 N. W. 157; Hoyt v. Kittson County State Bank, 184 Minn. 159, 238 N. W. 41.

[2]Moorhead Investment Co. v. Carlson, 177 Minn. 174, 224 N. W. 842.

based on a default which occurred prior to that on which the cancellation is based.[3]

■ Delivery of a check is not payment unless the parties expressly agree that it shall be so.[4]

■ When it is claimed that a check was accepted as payment, the burden rests on the one asserting that to be a fact to prove it.[5]

■ The presumption is that a check is a conditional payment only and until the check is paid the debt remains. Upon payment of the check, the debt is deemed to have been discharged when the check was given.[6]

If the check in this case had been presented and dishonored for lack of funds in the bank, there could be little question that the debt was not paid, and the cancellation would have been effective. The only question then is: What effect did the action of the vendees in stopping payment have upon the cancellation of the contract?

■ It is undisputed that the drawer of a check has the power of revocation until the check is presented for payment.[7]

In The Laura Baker School v. Pflaum, 225 Minn. 181, 183, 30 N. W. (2d) 290, 291, we said:

"A check is not money. It is an unconditional written order on a bank. The delivery of a check is not a delivery of money, but the delivery of an order. * * *

\* \* \* \* \*

"Payment of a check may be stopped by notifying the drawee bank before it is presented for payment."

■ Consistent with this rule, we have held that a check is not an

---

[3]Des Moines Joint Stock Land Bank v. Wyffels, 185 Minn. 476, 241 N. W. 592, 17 Minn. L. Rev. 110.

[4]Isackson v. Lovell, 115 Minn. 481, 132 N. W. 918.

[5]Penn Anthracite Minn. Co. v. Clarkson Securities Co. 205 Minn. 517, 287 N. W. 15.

[6]McFadden v. Follrath, 114 Minn. 85, 130 N. W. 542, 37 L. R. A. (N.S.) 201. See, 14 Dunnell, Dig. (3 ed.) § 7445.

[7]Bohlig v. First Nat. Bank, 233 Minn. 523, 48 N. W. (2d) 445; Taylor v. First Nat. Bank, 119 Minn. 525, 138 N. W. 783.

assignment of the funds in the bank[8] but is only an order authorizing the bank to make payment upon presentation.

■ Where payment of a check is stopped before it is presented for payment, it is generally held that the relation between the drawer and payee becomes the same as if the check had been dishonored.[9]

■ There is no evidence in this case that would permit an inference that the check was delivered and accepted as absolute payment; consequently, the presumption that it was accepted as conditional payment must prevail. It follows that when payment was stopped there never was any payment that would remove the default within the 30 days permitted by statute; hence, the cancellation of this contract became effective and the vendor could not thereafter recover any part of the debt based upon the contract. The trial court accordingly was correct in holding that plaintiff could not recover.

Affirmed.

---

[8]See, Minn. St. 335.743; Lundstrom v. Hedge, 185 Minn. 40, 239 N. W. 664.

[9]See, 11 Am. Jur. (2d) Bills and Notes, § 590; Patterson v. Oakes, 191 Iowa 78, 181 N. W. 787, 14 A. L. R. 559, with Annotation at 562; Usher v. A. S. Tucker Co. 217 Mass. 441, 105 N. E. 360, L. R. A. 1916F, 826.