**Gary L. BERG, et al., Respondents,**

**v.**

**Harold A. ACKMAN, et al., Appellants.**

**No. C5-88-724.**

Court of Appeals of Minnesota.

Nov. 15, 1988.

Andrew A. Willaert, Hottinger Law Offices, Mankato, for respondents.

Keith L. Deike, Deike Law Offices, Waseca, for appellants.

Considered and decided by PARKER, P.J., and RANDALL and BOWEN *, JJ.

## OPINION

PARKER, Judge.

Harold and Bonita Ackman appeal a judgment in the amount of $33,166.65 entered against them on January 11, 1988. The trial court found that the Ackmans had breached a contract for deed for the purchase of farmland which they had entered into with Gary and Lorraine Berg on December 31, 1981. The trial court ruled that despite their receipt of a quitclaim deed from the Ackmans, the Bergs had not agreed to rescind the contract and that they were entitled to damages for breach of the contract. It also found unpersuasive the Ackmans' arguments of estoppel and waiver. We affirm in part and remand in part.

## FACTS

On December 31, 1981, the Bergs as sellers and the Ackmans as buyers entered into a valid contract for deed pertaining to farm land in Waseca County. Over the next several years, the value of farm land dropped drastically. In order to avoid foreclosure, the parties renegotiated and amended the contract on July 24, 1985, reducing the price per acre. Land devaluation continued and the parties negotiated again but were unable to reach agreement. The Bergs claim the Ackmans employed unusual tactics and extreme pressure to get them to further amend the contract terms in the Ackmans' favor.

On April 7, 1986, the Ackmans mailed the Bergs an original, recorded quitclaim deed in an apparent attempt to convey the farm land back to them. The Bergs received the deed but never explicitly accepted or rejected it. Gary Berg testified that he consulted with several attorneys about the quitclaim deed. He was initially under the impression that his opening of the letter containing the deed was an acceptance and that he was bound by it. Later that month, the Bergs agreed to rent the same farm land to the Ackmans for $6,120 for the 1986 growing season. In late June 1986 Berg was informed by an attorney that receipt in the mail did not bind him to acceptance of the quitclaim deed.

In December 1986 the Bergs demanded that the Ackmans become current with their obligations. The Ackmans failed to comply and litigation ensued. The Ackmans claimed they had relied on the presumed cancellation of the contract and purchased an interest in a combine and rented other farm land.

The trial court found that the Ackmans had breached the contract for deed and entered judgment against them for $33,166.65. The court concluded that the Ackmans had failed to prove that the Bergs had agreed to rescind the contract and that their estoppel and waiver arguments were not persuasive.

## ISSUES

1. Did the trial court err in finding that the parties did not agree to rescind the contract?

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

2. Did the trial court err in finding that the Ackmans' arguments of waiver and estoppel were not persuasive?

## DISCUSSION

### I

 The scope of review from a trial court judgment is limited to a consideration of whether the evidence sustains the findings of fact and whether those findings sustain the conclusions of law and the judgment rendered. *Liebsch v. Abbott,* 265 Minn. 447, 456, 122 N.W.2d 578, 585 (1963). Trial court findings on disputed questions are entitled to the sáme weight as a jury verdict, and a judgment will be upset only if the findings are manifestly contrary to the weight of the evidence or not reasonably supported by the evidence as a whole. *Tonka Tours, Inc. v. Chadima,* 372 N.W. 2d 723, 726 (Minn.1985).

 Whether a contract has been rescinded by mutual consent of the parties is a question for the trier of fact. *Desnick v. Mast,* 311 Minn. 356, 249 N.W.2d 878, 884 (1976). Rescission must be clearly expressed, and acts and conduct of the parties must be positive, unequivocal, and inconsistent with the existence of the contract. *Id.* The party claiming rescission must prove it by clear and convincing evidence. *Brunsoman v. Lexington–Silverwood,* 385 N.W.2d 823, 825 (Minn.Ct.App. 1986), *pet. for rev. denied* (Minn. Jan. 13, 1986).

Rescission of the contract for deed in this case depends on the Bergs' acceptance of the quitclaim deed. If the Bergs accepted the quitclaim deed, there would have been a mutual agreement to rescind the contract. The Minnesota Supreme Court has stated that acceptance is an integral part of delivery and "[n]o presumption of acceptance arises where the act is neither beneficial to nor later ratified by the grantee." *Nybladh v. Peoples State Bank of Warren,* 247 Minn. 88, 93, 76 N.W.2d 492, 497 (1956). The trial court found that the Bergs had no affirmative duty to respond to the deed and that their conduct was not sufficient to support rescission. We agree.

Harold Ackman cannot simply cancel his obligation to Gary Berg by sending him a quitclaim deed in the mail. Cancellation of a contract must be by mutual consent. *See Desnick,* 249 N.W.2d at 884. It appears that Harold Ackman may have been trying to convince Gary Berg, who was not schooled in the law, that he was presented with an accomplished fact. Ackman was having difficulty meeting the terms of the contract and had been trying to renegotiate with Berg to lower the monthly payments. He claimed that after negotiations faltered, Berg told him to "do the best thing to return the land."

Ackman was represented by an attorney who apparently drafted the quitclaim deed and had it recorded. The Ackmans then sent the recorded deed to the Bergs. In all respects, the quitclaim deed appeared very dispositive. Berg testified that upon receiving the deed, he expressed displeasure to Harold Ackman over the telephone and told him that he had to inquire into the legal significance of the document. Berg, however, did not discover that he had no obligation arising from the quitclaim deed until several months later, by which time he had already rented the property back to Ackman to ensure that he had the money to meet his own credit obligations on the land.

 There was sufficient evidence in the record to support the trial court's decision that there was no rescission of the contract. Harold Ackman wanted to cancel his contract with Gary Berg and avoid his obligation to continue payments. Gary Berg, however, did not want the payments to stop. A party's failure to reject a quitclaim deed received in the mail is not sufficient positive conduct to support rescission.

### II

The Ackmans claim that the Bergs are estopped from suing on the contract for deed because of their behavior after the receipt of the quitclaim deed. According to the Ackmans, the Bergs' failure to reject the deed and their subsequent rental of the farmland back to them were representations of an intention to accept. Further,

the Ackmans claim that the Bergs waived the right to sue on the contract by not rejecting the quitclaim deed. In either case, the Ackmans claim that they were unaware of the Bergs' objection to the deed until November 1986. In the meantime, the Ackmans rented other farmland and purchased an interest in a combine which they claim they would not have done had they not relied on the quitclaim deed.

The trial court's memorandum stated that it did not find either theory persuasive and that it would not discuss the matter further. The court supported this conclusion with only one finding of fact, i.e., that the Bergs were not estopped from asserting their claim by their failure to respond to the quitclaim deed.

Under Minn.R.Civ.P. 52.01, the trial court has an obligation to set forth its findings of fact and conclusions of law. In reviewing a judgment of the trial court, this court must consider whether the evidence sustains the findings and whether those findings sustain the conclusions of law and the judgment rendered. *Liebsch v. Abbott*, 265 Minn. 447, 456, 122 N.W.2d 578, 585 (1963). Without adequate findings of fact, this court cannot determine whether the evidence sustains the trial court's judgment that the Bergs were not estopped from suing on the contract for deed or that they waived their right to sue.

Therefore, we remand to the trial court for findings of fact on the issues of waiver and estoppel. The trial court must make findings on whether the acceptance of the rental payments for the same farmland as was covered in the contract constitutes an action which would give rise to an estoppel. The court must also determine whether Gary Berg had the knowledge and intent required for an effective waiver of his rights. On remand, the trial court may make these findings based on the evidence already before it or call for further evidence if deemed necessary.

## DECISION

We affirm the trial court's decision that there was no rescission of the contract for deed between the Ackmans and the Bergs.

We remand the issues of estoppel and waiver to the trial court for the requisite findings of fact.

AFFIRMED IN PART AND REMANDED IN PART.