Sylvan **GOBLIRSCH**, Respondent,

v.

Martin **HEIKES**, Martin Heikes Incorporated, Appellants.

No. CX–95–2231.

Court of Appeals of Minnesota.

April 23, 1996.

Steven R. Sunde, St. James, for respondent.

Joan M. Fluegel, Hastings, for appellants.

Considered and decided by AMUNDSON, P.J., TOUSSAINT, C.J., and WILLIS, J.

## OPINION

TOUSSAINT, Chief Judge.

This appeal is from a district court decision that concluded Sylvan Goblirsch was entitled to receive $29,400 from Martin Heikes and Martin Heikes, Inc. The district court found that Goblirsch's presentment of the checks more than five years after they were given as payment for three tractors was timely. We reverse the determination that the checks were presented timely, but remand for a determination on the liability for the underlying obligation by Martin Heikes, Inc., and Heikes personally.

## FACTS

In the summer of 1988 Martin Heikes, president and sole owner of Martin Heikes, Inc. (Heikes, Inc.), was engaged in the business of buying and selling used equipment. In either late May or early June of 1988, Heikes placed an ad in the Land Newspaper indicating that Heikes, Inc., wanted to purchase used tractors.

In early June of 1988, Sylvan Goblirsch saw this ad and contacted Heikes about three tractors. In mid-June of 1988, Goblirsch and Heikes agreed that Heikes, Inc., would purchase the tractors for $29,400. In June 1988, Heikes, acting as a representative of Heikes, Inc., gave Goblirsch two checks from an account in the name of Heikes, Inc., at the First State Bank of Rosemount, Minnesota. At the time of the purchase, Heikes, Inc., had sufficient funds on deposit to satisfy the outstanding checks. According to Goblirsch, Heikes told Goblirsch that the checks were only "good" for that day. Heikes denies making this statement. Goblirsch testified that he did not know if the checks were good, and as a result, he did not attempt to cash them for more than five years.

When the checks were not presented, Heikes placed a stop payment order on them on January 6, 1989. On July 1, 1989, Heikes invested in a business using the funds previously available to pay the checks to Goblirsch. Heikes made no effort to contact Goblirsch about the checks.

When Goblirsch finally attempted to cash the checks in August of 1993, the bank informed him that the checks were being dishonored due to the stop payment order and staleness. Goblirsch then sued Heikes to recover the purchase price of the tractors. Heikes raised affirmative defenses, alleging that failure to present the checks in a timely manner barred recovery and denying personal liability for the tractors purchased by Heikes Inc.

A bench trial was held in Watonwan County on April 26, 1995. The district court found that the checks were presented in a timely fashion and that Heikes and Heikes, Inc., were jointly liable for the purchase price of the tractors. Heikes on appeal claims that the district court erred when it determined that he was personally liable for the $29,400 purchase price; and claims that he is discharged from any liability to pay for the tractors due to the late presentment of the checks.

## ISSUES

I. Did the district court err by piercing the corporate veil?

II. Did Goblirsch present the checks in a timely manner?

III. Is Heikes liable for the underlying obligation?

## DECISION

### I.

■ A reviewing court is not bound by and need not give deference to a district court's determinations on a purely legal issue. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn.1984).

■ Heikes argues that the district court erred when it pierced the corporate veil and determined that he is personally liable for the purchase price of the three tractors.

He contends that when he purchased the tractors he was acting on behalf of Heikes, Inc.; therefore he is protected from any personal liability for the transaction.

Our review of the record indicates that the district court decided to "pierce the corporate veil" and find Heikes personally liable for this transaction without making any findings of fact on this issue. Based on the record before this court it is impossible to determine how Heikes acquired the funds from Heikes, Inc., that were used to invest in the now defunct Aqua Leisure, Inc. In a bench trial the district court has the duty to set forth its findings of fact and conclusions of law. *Berg v. Ackman*, 431 N.W.2d 264, 267 (Minn.App.1988). Because the district court made no findings or conclusions on this issue, we remand to the district court to perform fact-finding as to how Heikes obtained these funds from Heikes, Inc. and any other facts relevant to the district court's determination of Heikes' personal liability.

## II.

■ The district court found that Goblirsch presented the checks within a reasonable time. Heikes asserts: (a) that the district court erred when it found that Goblirsch presented the checks in a timely fashion; and (b) that the delay in presentment discharges all liability for the transaction.

■ If the holder of a check fails to present it within a reasonable time after issuance, the drawer is discharged from all liability on the instrument. *Commercial Inv. Trust v. Lundgren–Wittensten Co.*, 173 Minn. 83, 85, 216 N.W. 531, 532 (1927) Therefore, the central question is what constitutes a reasonable time for presentment. The applicable statutory language is as follows:

(1) Unless a different time is expressed in the instrument the time for any presentment is determined as follows:

\* \* \* \* \* \*

(b) where an instrument is payable after sight it must either be presented for accep-tance or negotiated within a reasonable time after date or issue whichever is later;

\* \* \* \* \* \*

(2) A reasonable time for presentment is determined by the nature of the instrument \* \* \*. In the case of an uncertified check which is drawn and payable within the United States and which is not a draft drawn by a bank the following are presumed to be reasonable periods within which to present for payment to initiate bank collection:

(a) With respect to the liability of the drawer, 30 days after date or issue whichever is later \* \* \*.

Minn.Stat. § 336.3–503(1)(b) and (2)(a) (1988).[1]

■ Absent an expression in the instrument, presentment within 30 days is presumed to be reasonable. It is undisputed that Heikes maintained funds for payment for over one year and that Goblirsch did not attempt to present the checks for more than five years. Goblirsch did not establish that he presented the checks within a reasonable time and that Heikes is not discharged from liability on the checks. Further support for the position that this delay is unreasonable is provided in *Hart v. Eastman*, 7 Minn. 74, 81 (1862), where the Minnesota Supreme Court found that a delay of one year in presenting a note for payment was unreasonable.

## III.

■ Heikes is not liable on the checks, but the underlying obligation to pay for the tractors is unaffected. The applicable statutory language provides:

(1) Unless otherwise agreed where an instrument is taken for an underlying obligation

\* \* \* \* \* \*

(b) \* \* \* the obligation is suspended pro tanto until the instrument is due or if it is payable on demand until its presentment. If the instrument is dishonored action may be maintained on either the instrument or

---

1. We construe the law applicable in 1988, when the transactions took place. The quoted statute was repealed by 1992 Minn. Laws ch. 565 § 114.

The section applicable is Minn.Stat. § 336.3–304 (1994).

the obligation; discharge of the underlying obligor on the instrument also discharges that obligor on the obligation.

Minn.Stat. § 336.3–802(1)(b) (1988).[2]

■ There is a presumption that a check is only conditional payment; thus the underlying debt remains until such time as the check is paid. *Wayzata Enters., Inc. v. Herman,* 268 Minn. 117, 120, 128 N.W.2d 156, 158 (1964). Upon payment of the check, the debt is considered to have been paid when the check was given. *Id.* Thus, payment by check merely suspends the underlying contract obligation until the holder of the check has received payment for the goods that were sold. Therefore, when a check offered in payment is dishonored on due presentation, the seller may retake the goods. *Gustafson v. Equitable Loan Ass'n,* 186 Minn. 236, 239, 243 N.W. 106, 107 (1932).

The obligation to pay for the tractors remains. We remand to the district court for the determination of liability for the underlying obligation by Heikes, Inc., and Heikes personally.

**Reversed in part and remanded in part.**

2. Once again, as this obligation arose in 1988, we construe the statutory provisions in effect at that time. The current statutory provision is located at Minn.Stat. § 336.3–310 (1994).